DAVIS, Judge.
The claimant, Nettie Bellamy, appeals an order of the Judge of Compensation Claims (“JCC”) denying her claim for benefits based upon a determination that the claimant failed to establish a causal connection between her industrial accident and her injury. The claimant argues on appeal that the JCC erred in (1) improperly relying on Dr. King’s cross-examination testimony concerning causation because it exceeded the scope of direct examination; (2) improperly relying on testimony as substantive evidence when it was admitted solely for impeachment purposes; (3) misinterpreting Dr. King’s testimony; and (4) concluding that the logical cause doctrine was not applicable. Because it appears that the JCC misinterpreted Dr. King’s testimony, we reverse and remand for the JCC to reconsider Dr. King’s testimony.
On February 12,1992, the claimant slipped and fell while walking into work outside her employer’s place of business. Following the accident, the claimant notified her immediate supervisor of her accident, but did not request or seek any medical care. The claimant continued to work full-time for approximately nine months. On November 13,1992, the claimant was seen in the Manatee Memorial Hospital emergency department for complaints of severe low back, left hip and left leg pain. The claimant was referred by the emergency department physician to her family physician, Dr. Acosta. Dr. Acosta referred the claimant to Dr. King, a neurosurgeon. The claimant informed Dr. King that she had an eight month history of low back pain radiating into her left hip and down her ankle with numbness. After a diagnostic workup, including a MRI and CT scan, Dr. King diagnosed herniated discs at L4-L5 and L5-S1 on the left side.
The JCC found:
9. Dr. King testified in his second deposition that the claimant could have developed this condition in a variety of ways to include stepping off a eurb, rolling over in bed or any of a number of ways other than trauma. Dr. King was of the opinion that if the claimant remained consistently symptomatic from February 12, 1992 up until November 13,1992, then her trip and fall at the employer’s place of business would have been an adequate causation for the condition he subsequently diagnosed. If she was not chronically or consistently symptomatic during that time frame, then there would be no causal relationship from her trip and fall of February 12, 1992 to the subsequent diagnosis of lumbar disc herniations made in November of 1992. 10. Accordingly, the central factual dispute presented in the depositions received, as well as the testimony during the Final Hearing was the claimant’s condition during the nine months between February and November of 1992.
In concluding that the claimant failed to establish a causal relationship between her industrial accident and her injury, the JCC rejected the claimant’s position that she had continued back pain following her fall on February 12,1992.
The claimant argues that the JCC misinterpreted Dr. King’s testimony because he incorrectly concluded that Dr. King’s testimony was based upon the claimant remaining consistently symptomatic from February 12, 1992, through November 13, 1992. The claimant correctly contends that Dr. King never testified that the claimant’s injury would be causally related to her industrial accident if she remained consistently symptomatic from February 12, 1992 through November 13,1992, but if she was not chronically or consistently symptomatic during that time frame, there would be no causal relationship between her industrial accident and her injury.
Dr. King testified that the claimant’s history of a slip and fall accident while at work was an adequate mechanism of injury to cause the symptoms the claimant had when he first saw her in December 1992. Dr. King further testified that, within a reasonable degree of medical probability, there was a causal connection between the claimant’s complaints of low back pain and her reason for visiting him. The JCC rejected Dr. King’s testimony on the causal relationship between the claimant’s industrial accident and her injury based upon a finding that the claimant gave Dr. King an incorrect history. The claimant correctly maintains that there *232 is no evidence that Dr. King’s testimony on causation was based upon the claimant remaining consistently symptomatic from February 12, 1992, through November 13, 1992.
Because it appears that the JCC misinterpreted Dr. King’s testimony, and because we cannot determine whether the JCC would have reached the same conclusion concerning the causal relationship between the claimant’s industrial accident and her injury if he had properly interpreted Dr. King’s testimony, we reverse and remand for the JCC to reconsider Dr. King’s testimony. Our holding should not be construed as an indication one way or the other as to how the JCC should treat Dr. King’s testimony. We have examined the remaining issues raised by the claimant and find them to be without merit.
Accordingly, the order of the JCC is affirmed in part and reversed in part, and remanded for the JCC to reconsider Dr. King’s testimony.
ALLEN, J., and SMITH, Senior Judge, concur.