820 So.2d 1075 (2002)
HOME DEPOT and Sedgwick CMS, Appellants,
v.
Lucy TURNER, Appellee.
No. 1D01-3413.
District Court of Appeal of Florida, First District.
July 16, 2002.
Gerald F. Znosko and Sean H. McBride of Langston, Hess, Bolton, Znosko, Helm & Allen, P.A., Maitland, for Appellants.
Barry Silber of Barry Silber, P.A., Pensacola, for Appellee.
KAHN, J.
In this workers' compensation case, the employer and carrier (E/C) challenge the award below both of permanent total disability (PTD) benefits and of an authorized primary care physician for appellee's benefit. We affirm and address briefly the issue concerning PTD.
The parties agree that the standard for PTD is that set out in section 440.15(1)(b), Florida Statutes (1995):
Only a catastrophic injury as defined in s. 440.02 shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability. Only claimants with catastrophic injuries are eligible for permanent total disability benefits. In no other case may a permanent total disability be awarded.
Claimant proved the catastrophic injury requirement to the satisfaction of the JCC by adducing evidence that claimant's impairment was related to her industrial accident and moreover that the injury was "of a nature and severity that would qualify an employee to receive disability income benefits under Title II ... of the federal Social Security Act ...." § 440.02(34)(f), Fla. Stat. (1995).
The E/C do not seriously challenge the JCC's finding that claimant suffered a catastrophic injury, as required by the Workers' Compensation Act. Nevertheless, the E/C argue, with reference to section 440.15(1)(b), that claimant has not met her burden of proving entitlement to PTD benefits because she has not demonstrated, in the language of the statute, "absence of conclusive proof of a substantial earning capacity."
The E/C's argument is based upon an incorrect assumption concerning the burden of proof. As claimant points out, the language of section 440.15(1)(b), "in the absence of conclusive proof of a substantial earning capacity," was intended by the Legislature to create an affirmative defense to the E/C's liability for PTD. See Bob Wilson Dodge v. Mohammed, 692 *1076 So.2d 287, 289 (Fla. 1st DCA 1997). The E/C had the burden to demonstrate, by the conclusive proof required statutorily, that claimant maintained a substantial earning capacity despite her impairment. The E/C failed to come forward with such proof and, accordingly, the JCC correctly awarded the benefits sought.
AFFIRMED.
WEBSTER and DAVIS, JJ., concur.