920 So.2d 69 (2006)
ROYAL & SUNALLIANCE and Ole Mexican Foods, Inc., Appellants,
v.
Joseph J. CHAVEZ, Appellee.
No. 1D04-2450.
District Court of Appeal of Florida, First District.
January 5, 2006.
Rehearing Denied February 8, 2006.
Jill M. Spears, Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellants.
Bradley Guy Smith, Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox, Fox & Loquasto, P.A., Tampa; Wendy S. Loquasto, Fox & Loquasto, P.A., Tallahassee, for Appellee.
WEBSTER, J.
In this workers' compensation case, the employer and carrier seek review of a determination that claimant is permanently and totally disabled and, therefore, entitled to permanent total disability and permanent total disability supplemental benefits. Because the judge of compensation claims used an incorrect legal test to reach that determination, we reverse.
Claimant sustained work-related injuries in 1999. Since 1994, "[o]nly a catastrophic injury as defined in s[ection] 440.02 shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability." Ch. 93-415, §§ 20, 112, at 118, 215, Laws of Fla. (codified as § 440.15(1)(b), Fla. Stat. (1999)). See Union Camp Corp. v. Hurst, 696 So.2d 873, 875-76 (Fla. 1st DCA 1997). The term "catastrophic injury" is defined in section 440.02(37)(a)-(f), Florida Statutes (1999). Claimant's injuries did not qualify as "catastrophic" pursuant to paragraphs (a) through (e) of that subsection. Accordingly, to qualify as "catastrophic" and thereby establish entitlement to permanent total disability benefits, claimant was obliged to establish that his injuries met the requirements of paragraph (f). Evidence was presented bearing on this issue. However, the order of the judge of compensation claims includes no mention of the applicable test; no discussion of whether claimant sustained "a catastrophic *70 injury"; and no findings on the issue. Instead, apparently having been led astray by claimant's attorney, the judge applied the pre-1994 test set out in Carter v. City of Venice, 584 So.2d 577 (Fla. 1st DCA 1991), and held that claimant is entitled to permanent total disability and permanent total disability supplemental benefits because he "is unable to do uninterrupted light duty work because of his physical limitations, and ... he has done an extensive job search that proved futile." This was error.
Because the judge of compensation claims applied an incorrect legal test to reach his determination that claimant is permanently and totally disabled and, therefore, entitled to permanent total disability and permanent total disability supplemental benefits, we are constrained to reverse that determination and to remand for further proceedings. On remand, the judge shall apply the "catastrophic injury" test to determine whether claimant is entitled to permanent total disability and permanent total disability supplemental benefits, and shall make findings sufficient to permit intelligent review of his decision, as required by section 440.25(4)(e), Florida Statutes.
REVERSED and REMANDED, with directions.
VAN NORTWICK and LEWIS, JJ., concur.