966 So.2d 489 (2007)
James MITCHELL, Appellant,
v.
XO COMMUNICATIONS and Wausau/Liberty Mutual Insurance Company and XO Communications and Travelers Insurance Company, Appellees.
No. 1D06-5476.
District Court of Appeal of Florida, First District.
October 15, 2007.
Laurie T. Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland, and Susan W. Fox of Fox & Loquasto, P.A., Tampa, and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.
Tara L. Sa'id of Law Office of Amy L. Warpinski, Jacksonville, for Appellees XO Communications and Wausau/Liberty Mutual Insurance Company; Jennifer S. Haley-Gleason of Harbsmeier, Dezayas, DeBari, Haley-Gleason & McCall, LLP, *490 Tallahassee, for Appellees XO Communications and St. Paul-Travelers.
HAWKES, J.
Claimant, James Mitchell, appeals the Judge of Compensation Claims' (JCC) order denying his claims for permanent total disability and permanent total supplemental disability benefits. Claimant argues that many of the JCC's findings regarding his ability to work, and the permanent impairment ratings (PIR) attributable to his compensable injury, are not supported by competent, substantial evidence. Claimant's argument is flawed. A decision in favor of the party without the burden of proof is not required to be supported by competent, substantial evidence.
Claimant has the burden to prove entitlement to permanent total disability benefits. See McDevitt Street Bovis v. Rogers, 770 So.2d 180, 181 (Fla. 1st DCA 2000). Accordingly, Claimant must present evidence the JCC finds persuasive. It is well-settled that a JCC may reject in whole or in part even uncontroverted testimony the JCC disbelieves. See Bass v. Gen. Motors Corp., 637 So.2d 304, 306 (Fla. 1st DCA 1994).
However, a JCC may not accept only a portion of a physician's PIR rating, see Allen v. Protel, Inc., 852 So.2d 916, 920 (Fla. 1st DCA 2003), nor make medical findings which contradict undisputed medical testimony. See Urban v. Morris Drywall Spray Textures, 634 So.2d 718 (Fla. 1st DCA 1994).
Here, the JCC made numerous findings of fact from the physicians' testimony. For instance, the JCC found Dr. Gonzalez testified Claimant had a 14% psychological PIR, all of which was attributable to the workplace accident. The JCC accepted Dr. Gonzalez' testimony and PIR. However, in her conclusions of law, she stated that "at least a portion" of Dr. Gonzalez' rating was attributable to complaints other than Claimant's workplace accident. Additionally, the JCC found Dr. Fiore opined Claimant had an 8% PIR for his right knee injury attributable to the workplace accident, and Claimant was not capable of doing even sedentary work. The JCC then stated she believed Dr. Fiore's conclusion was based on the erroneous assumption that Claimant's unrelated neurological injuries were related to his workplace accident.
From the record, it is not clear whether the JCC was rejecting testimony or misstating testimony in reaching her conclusions of law. Because the JCC's final order is inconsistent in its findings of fact and conclusions of law, we REVERSE the final order and REMAND for additional proceedings.
KAHN and PADOVANO, JJ., concur.