974 So.2d 516 (2008)
WAL-MART STORES INC. and Sedgwick Claims Management Services Inc., Appellants,
v.
Beverly THOMPSON, Appellee.
No. 1D07-2661.
District Court of Appeal of Florida, First District.
February 6, 2008.
G. Dennis Lynn of James T. Earle, Jr., P.A., St. Petersburg, for Appellants.
Jodi A. Zakaria and Alfred L. Deutschman of Deutschman & Zakaria, Inverness, for Appellee.
KAHN, J.
This case accentuates the Florida Legislature's recent redefinition of the threshold for permanent total disability (PTD) benefits in a workers' compensation case. We affirm the order of the Judge of Compensation Claims (JCC), awarding PTD benefits, because the judge properly applied the law and the judge's conclusions are supported by competent substantial evidence.
From January 1, 1994, until October 1, 2003, the effective date of chapter 2003-412, section 18, Laws of Florida, a claimant seeking PTD was bound to demonstrate "a catastrophic injury as defined in s. 440.02." § 440.15(1)(b), Fla. Stat. (1995); see ch. 2003-412, § 18, at 3917, Laws of Fla. Under the definition section referenced by the catastrophic injury requirement, claimant had to prove industrial causation and that the injury complained of was "of a nature and severity that would qualify an employee to receive disability income benefits under Title II . . . of the federal Social Security Act." § 440.02(34)(f), Fla. Stat. (1995); see also Home Depot v. Turner, 820 So.2d 1075 (Fla. 1st DCA 2002).
The date of injury here was October 7, 2005, and accordingly, the revised version of section 440.15 applies. Under that version, "in order to obtain permanent total *517 disability benefits, the employee must establish that he or she is not able to engage in at least sedentary employment, within a 50-mile radius of the employee's residence, due to his or her physical limitation." § 440.15(1)(b), Fla. Stat. (2005). The claimant utilized expert vocational testimony to satisfy the requirements of the controlling statute. The JCC accepted this testimony, but also expressed frustration with the change in the statutory language, noting in the final order:
[I]t is nearly incomprehensible that claimant would be entitled to benefits for a disability that is both total and permanent. However, the facts before the undersigned support a finding that the claimant has sustained both a permanent impairment rating and permanent physical restrictions as a result of her industrial accident.
The claimant's certified vocational rehabilitation expert, Gerri Pennachio, testified that the claimant was "ruled out on all jobs within a 50-mile radius of her home."
Appellants, in their brief, echo the JCC's frustration, and essentially ask us to reweigh the evidence presented to the JCC. This we are unable to do under well-established precedent. See, e.g., Wilcox v. Ag Mart Produce, 942 So.2d 959, 963 (Fla. 1st DCA 2006) ("It is not the proper role of this court to reweigh the evidence presented below."); Cape Canaveral Hosp., Inc. v. Nickell, 668 So.2d 219, 220 (Fla. 1st DCA 1996) ("The JCC sits as the finder of fact where the testimony is conflicting, and this court will not reweigh the evidence so long as the JCC's findings are supported by competent substantial evidence."); Mt. Sinai Hosp. v. City of Miami Beach, 523 So.2d 722, 723 (Fla. 1st DCA 1988) ("This court will not reweigh the evidence and substitute its judgment for that of the deputy commissioner.").
The E/C here stipulated the claimant's injures were compensable, and the parties agreed the claimant reached maximum medical improvement with a five percent impairment. The claimant presented unrebutted vocational evidence of unemployability, which the JCC accepted. The appellants demonstrate no error of law.
AFFIRMED.
WEBSTER, and ROBERTS, JJ., concur.