974 So.2d 1161 (2008)
Nicole FITZGERALD, Appellant,
v.
OSCEOLA COUNTY SCHOOL BOARD and Florida School Board Insurance Trust, Appellees.
No. 1D07-0007.
District Court of Appeal of Florida, First District.
February 19, 2008.
Kevin Maxwell of Vaughan & Maxwell, P.A., Orlando, and Bill McCabe, Longwood, for Appellant.
Pamela J. Cox and Jodi K. Mustoe of Cox & Rouse, P.A., Maitland, for Appellees.
KAHN, J.
In this workers' compensation matter, the Judge of Compensation Claims (JCC) properly appointed an Expert Medical Advisor (EMA). Although the EMA, Dr. Haim, rendered opinions that would have been helpful to the JCC, the doctor did not offer a definitive opinion on two critical issues  whether appellant has asthma, and whether appellant's workplace exposure to mold was the major contributing cause of her respiratory problems. Because the JCC denied all benefits based upon a mistaken interpretation of the EMA's opinions, we reverse and remand for further proceedings.

BACKGROUND
Appellant/claimant, Nicole Fitzgerald, formerly worked as a primary grades *1162 teacher at Mill Creek Elementary School in Osceola County. During her employment, an investigation revealed persistent mold problems in the temporary classroom unit to which she was assigned. Fitzgerald testified she had no history of asthma, but did report a history of periodic sinusitis and rhinitis, as well as allergies to mold and mildew. According to her testimony, Fitzgerald experienced respiratory difficulties over the course of nearly two academic years, during which she sought medical treatment. Appellee school board, the employer/carrier (E/C), accepted claimant's respiratory illness as compensable "due to temporary aggravation of the claimant's pre-existing condition from the date of accident through August 11, 2005." The E/C denied ongoing benefits as of the latter date. Fitzgerald then filed petitions for benefits seeking, among other things, an adjudication of compensability, temporary disability benefits, and various medical expenses. The E/C took the position that claimant had received all benefits due and had reached maximum medical improvement, at which time any industrial exposure was no longer the major contributing cause of continuing respiratory problems.
Claimant's physician and independent medical examiner (IME), Dr. Jayanthi Ravi, initially diagnosed claimant with "severe allergies, recurrent sinusitis, and mold allergy," but testified during a deposition that she ultimately diagnosed claimant with asthma that came about "[a]s a result of ongoing mold exposure in her work environment." The E/C's IME, Dr. Jock Sneddon, examined claimant and disagreed, concluding that a test Dr. Ravi performed "doesn't really demonstrate an asthmatic condition." Dr. Sneddon testified he was "not convinced that . . . Ms. Fitzgerald has asthma," and he was inconclusive about whether or not her continuing condition was linked to the mold exposure, saying, "[T]he issue gets down to what causes what. . . . Further testing is really needed to . . . discern those . . . firm diagnoses." Dr. Sneddon placed claimant at MMI as of the date he examined her  June 13, 2005.
To resolve the self-evident conflict between the IMEs, the JCC appointed an EMA, Dr. Daniel Haim, to examine claimant and to form his own conclusions. Dr. Haim testified that "[m]ost of [Ms. Fitzgerald's] symptoms are allergy related," and that claimant "has allergies [that] would be a cause of treatment" in the non-work environment. The doctor did not ratify Dr. Ravi's asthma diagnosis: "Asthma is sort of  you know, that diagnosis is still questionable in my mind. . . . It's reasonable to think of that diagnosis. But when you look at the data, that diagnosis is somewhat questionable."
With respect to the major contributing cause of claimant's continuing need for treatment, the following testimonial exchange occurred during Dr. Haim's deposition between Dr. Haim and the E/C's attorney:
Q: . . . Doctor, can you say with a reasonable degree of medical certainty[,] out of all the potential causes[,] that the exposure to mold at [claimant's] school is more than 50 percent the cause of her need for treatment as we sit here today?
A: I cannot say that it is more than 50 percent the cause of her symptoms. [Over objection by claimant's counsel.]
Dr. Haim clarified that position during the final hearing, saying, "I think what I meant to say is that I cannot be sure that [exposure] is more [than fifty percent of the cause]. It could be or it could not. I cannot for a 100 percent sure say that exposure was responsible for more than 50 percent of her symptoms." Subsequently, *1163 on cross-examination, this exchange occurred between claimant's counsel and Dr. Haim:
Q: Right now you can't say whether  you can't say what's the major contributing cause of her condition right now.
A: Correct.
Upon consideration of the evidence, the JCC determined in the order on appeal that any continuing respiratory condition had not been caused by the industrial exposure. The JCC specifically relied upon his interpretation of Dr. Haim's testimony: "Dr. Haim is of the opinion that the major contributing cause of the claimant's need for ongoing treatment is not the exposure to mold in her portable at the school." The JCC found claimant "is not entitled to ongoing treatment as her need for treatment, if any, is unrelated to exposure to mold," and he denied her "claims for ongoing medical treatment [and] payment of any outstanding bills or out-of-pocket expenses." Claimant has taken this appeal and argues that the JCC misinterpreted the EMA's testimony in this case.

ANALYSIS
An EMA's opinion is presumptively correct unless the JCC finds and articulates "clear and convincing evidence to the contrary." § 440.13(9)(c), Fla. Stat. (2002). Accordingly, the EMA's opinion has "nearly conclusive effect." Pierre v. Handi Van, Inc., 717 So.2d 1115, 1116 (Fla. 1st DCA 1998). These black-letter rules do not, however, necessarily resolve the present case because, although Dr. Haim offered a number of opinions, he did not offer an opinion regarding the major contributing cause of claimant's respiratory condition. Instead, Dr. Haim stated he could not say that claimant's exposure to mold is more than fifty percent of the cause of her need for treatment, and, in fact, could not offer an opinion as to any alternative major contributing cause of claimant's present condition. Apparently, when the JCC appointed Dr. Haim, all parties presumed that Dr. Haim would resolve the conflict regarding causation. Our conclusion that Dr. Haim did not offer a definitive opinion does not mean the JCC could not have used the opinions Dr. Haim did formulate in resolving this case.
The EMA should assist the JCC in making factual findings based on conflicting medical evidence. See Broward Children's Ctr., Inc. v. Hall, 859 So.2d 623, 626 (Fla. 1st DCA 2003). If the JCC misinterprets an EMA's testimony to stand for a position that the EMA did not actually adopt, reversal and remand is appropriate. See Bellamy v. Hi-Stat Mfg. Co., 668 So.2d 230, 232 (Fla. 1st DCA 1996) ("Because it appears that the JCC misinterpreted [the doctor's] testimony, and because we cannot determine whether the JCC would have reached the same conclusion concerning [causation] . . . if he had properly interpreted [the doctor's] testimony, we reverse and remand for the JCC to reconsider [the doctor's] testimony.").
Here, claimant alleges she suffers from asthma caused by her industrial exposure to mold in the classroom. The EMA's opinion could have assisted the JCC in assessing both disputed aspects of that claim: first, whether claimant, in fact, suffers from asthma or another compensable respiratory condition, and, second, if so, whether the industrial exposure caused that condition for purposes of the workers' compensation law. We conclude that the EMA offered opinions relevant to this two-pronged inquiry, but that ultimately he was inconclusive about both issues.
Claimant argues on appeal that the result we have reached should end this case. Specifically, claimant urges that, because *1164 the JCC misinterpreted Dr. Haim's testimony, no competent, substantial evidence exists to support the JCC's conclusion that claimant's exposure is not the major contributing cause of her current respiratory condition. We reject this argument. Claimant bore the burden over the course of the proceedings below to prove her entitlement to workers' compensation benefits. See McDevitt Street Bovis v. Rogers, 770 So.2d 180, 181 (Fla. 1st DCA 2000). As stated many times by this court, perhaps too glibly, we review the JCC's findings of fact to determine whether competent, substantial evidence supports the JCC's findings. See, e.g., Mylock v. Champion Int'l, 906 So.2d 363 (Fla. 1st DCA 2005). We have recently articulated, however, a rational corollary to that standard of review. A decision in favor of the party without the burden of proof need not be supported by competent, substantial evidence. See Mitchell v. XO Commc'ns, 966 So.2d 489, 490 (Fla. 1st DCA 2007). As we noted in Mitchell, "It is well-settled that a JCC may reject in whole or in part even uncontroverted testimony the JCC disbelieves." Id. (citing Bass v. Gen. Motors Corp., 637 So.2d 304, 306 (Fla. 1st DCA 1994)). Accordingly, although appellant correctly argues that the JCC's misinterpretation of Dr. Haim's testimony constitutes a flaw in the final order, the bootstrapped argument that such flaw is fatal and results automatically in a victory for the claimant is not correct. Instead, remand is appropriate.
The EMA, as envisaged by the Legislature, is tasked "to assist the agency and the judge [ ] of compensation claims within the advisor's area of expertise." § 440.13(9)(a), Fla. Stat. (2002). Although our construction of this statute imputes "nearly conclusive effect" to the EMA's opinion, see Pierre, 717 So.2d at 1116, we have made equally clear the proposition that the EMA's opinion is, at bottom, a source of "assistance" to the JCC, Broward Children's Ctr., 859 So.2d at 626. As we noted in Broward Children's Center, "[i]t is apparent that the legislature's intent was to create a mechanism by which an independent medical expert would offer assistance to the judge of compensation claims when he or she is faced with conflicting medical evidence from the parties' experts." Id.
Dr. Haim's testimony can certainly be read here as raising doubts on aspects of the testimony of both IMEs. Accordingly, this testimony established a metric by which the JCC might measure the credibility and weight of all the other evidence presented, even though Dr. Haim was not conclusive on the ultimate issues in this case. We reject claimant's argument that she is entitled to judgment as a matter of law, and remand this matter in order to allow the JCC to conduct the analysis we have suggested.
REVERSED and REMANDED with instructions.
WEBSTER and ROBERTS, JJ., concur.