995 So.2d 1102 (2008)
Merlin HOUCK, Appellant,
v.
LEE COUNTY BOARD OF COUNTY COMMISSIONERS and Gallagher Bassett Services, Inc., Appellees.
No. 1D08-0728.
District Court of Appeal of Florida, First District.
November 26, 2008.
*1103 Cory J. Pollack, Fort Myers, and Bill McCabe, Longwood, for Appellant.
Michael F. Tew of Law Offices of Michael F. Tew, P.L., Fort Myers, for Appellees.
THOMAS, J.
Claimant challenges the order of the Judge of Compensation Claims (JCC) denying permanent total disability benefits on the basis that his voluntary retirement from the work force prior to the date of maximum medical improvement prevented an award of such benefits. Because the JCC applied an incorrect legal standard in determining the appropriateness of the award, we reverse.
Claimant injured his left knee on April 21, 1995, in the course and scope of his employment with Lee County. As a result of this knee injury, Claimant underwent four surgical procedures, the last of which was a total knee replacement on August 3, 2005. Claimant's authorized treating physician placed him at maximum medical improvement on November 14, 2005, with a 10% impairment rating and permanent work restrictions of sedentary duty. These restrictions were greater than any imposed on Claimant following his three prior surgeries, and prevented Claimant from performing his pre-injury job.
Claimant filed a claim requesting permanent total disability benefits from November 14, 2005, and continuing. In the order on appeal, the JCC found that Claimant established that his workplace injury was "catastrophic" as that term is defined in section 440.02(34), Florida Statutes (1995). In finding that Claimant retired "at least by 1998," however, the JCC concluded that it would be inconsistent with the purpose and policy of Florida's Workers' Compensation Law that "compensation would now be payable to replace something, to wit: the ability to earn wages, that [Claimant] himself long ago *1104 surrendered when he retired."[1] The JCC found that Claimant did not meet his burden of proof, and denied permanent total disability benefits.
The law which governs Claimant's entitlement to permanent total disability benefits is the law in effect on the date of accident. See Royal & Sunalliance v. Chavez, 920 So.2d 69 (Fla. 1st DCA 2006). Section 440.15(1)(b), Florida Statutes (1995), provides that "[o]nly a catastrophic injury as defined in s. 440.02 shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability. Only claimants with catastrophic injuries are eligible for [permanent total disability] benefits. In no other case may [permanent total disability] be awarded."
Here, the JCC found Claimant's workplace injuries met the "catastrophic" definition found in section 440.02(34)(f), Florida Statutes (1995). Under the "catastrophic injury" test, once a claimant has established that his workplace injury is catastrophic, the burden shifts to the employer/carrier to offer conclusive proof of a substantial earning capacity. See Home Depot v. Turner, 820 So.2d 1075 (Fla. 1st DCA 2002). If there is no conclusive proof of a substantial earning capacity, then permanent total disability benefits should be awarded.
Because the JCC applied an incorrect legal standard, we reverse the denial of permanent total disability benefits. On remand, the JCC shall make a factual determination as to whether there is conclusive proof that Claimant has a substantial earning capacity following the November 14, 2005, date of maximum medical improvement. If there is no such proof, Claimant is entitled to permanent total disability benefits, along with any other benefits or costs due and owing as a result of such award.
REVERSED and REMANDED for proceedings consistent with this opinion.
LEWIS, J., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.
NOTES
[1] The public policy concerns which govern the JCC's ruling were addressed by the Florida Legislature in section 440.15(1)(b), Florida Statutes (2003), a statute which is inapplicable to Claimant for his April 21, 1995, date of accident.