PER CURIAM.
 

 James Mitchell, Claimant, appeals an order of the Judge of Compensation Claims (JCC) denying his claims for permanent total and permanent supplemental (PTD) benefits. This is the second time this Claimant has appealed this JCC’s denial of PTD benefits.
 
 See Mitchell v. XO Commc’ns,
 
 966 So.2d 489 (Fla. 1st DCA 2007)
 
 (Mitchell
 
 I). In
 
 Mitchell I,
 
 we reversed and remanded for additional proceedings because the “JCC’s final order [was] inconsistent in its findings of fact and conclusions of law.... ”
 
 Id.
 
 at 490. Because the JCC’s order issued after remand contains many of the same internal inconsistencies, we again reverse and remand for further proceedings.
 

 In
 
 Mitchell I,
 
 we remanded the JCC’s ultimate denial of PTD benefits based on the inconsistent nature of the order. In our opinion, we provided examples of the inconsistencies, as follows:
 

 Here, the JCC made numerous findings of fact from the physicians’ testimony. For instance, the JCC found Dr. Gonzalez testified Claimant had a 14% psychological PIR,
 
 all
 
 of which was attributable to the workplace accident. The JCC accepted R. Gonzalez’ testimony and PIR. However, in her conclusions of law, she stated that “at least a portion” of Dr. Gonzalez’ rating was attributable to complaints other than Claimant’s workplace accident. Additionally, the JCC found Dr. Fiore opined Claimant had an 8% PIR for his right knee injury attributable to the workplace accident, and Claimant was not capable of doing
 
 *1280
 
 even sedentary work. The JCC then stated she believed Dr. Fiore’s conclusion was based on the erroneous assumption that Claimant’s unrelated neurological injuries were related to his workplace accident.
 

 Id.
 
 (emphasis in original). In remanding the matter for additional proceedings, we instructed the JCC to clarify the inconsistencies between her findings of fact and conclusions of law. On remand, the JCC took no additional evidence and reissued a similar 36-page order denying PTD benefits based on additional and modified findings.
 

 With respect to the findings regarding Claimant’s orthopedic condition relating to the right knee, the JCC followed our instructions to clarify whether she was rejecting or misinterpreting Dr. Fiore’s opinion regarding work capacity. On remand, the JCC expressly accepted Dr. Fiore’s opinion regarding the permanent impairment rating (PIR) attributable to Claimant’s right knee injury (8% PIR) and expressly rejected his opinion as to physical limitations (no work status). Because the JCC’s finding that Claimant’s right knee injury restricts him to a sedentary capacity is supported by competent substantial evidence in the record, we affirm as to Claimant’s physical limitations.
 

 With respect to the findings regarding Claimant’s psychiatric condition, the JCC committed the same essential errors as in
 
 Mitchell I.
 
 Specifically, in the order now before us, the JCC found as a result of the October 4, 2001 workplace accident that Claimant suffered a compensable aggravation of his preexisting depression and anxiety, that Dr. Gonzalez’ treatment was reasonable and medically necessary, and that the employer/carrier for the October 4, 2001 accident was financially responsible for the aggravation. The JCC also found that Dr. Gonzalez assigned a 14% PIR attributable solely to the aggravation of Claimant’s preexisting psychiatric condition. Although the JCC found that Claimant had a psychiatric impairment caused by the October 4, 2001 workplace accident, much as in the
 
 Mitchell I
 
 order, the JCC questioned whether Dr. Gonzalez intended the 14% PIR to apply only to the aggravation of the preexisting condition or whether this rating included the underlying chronic depression and anxiety. As a result, the JCC, although finding a permanent psychiatric impairment as a result of the October 4, 2001 workplace accident, failed to assign a numerical value to this impairment due to this alleged lack of clarity as to that portion of the impairment which Dr. Gonzalez had testified applied to the preexisting condition.
 
 [1]
 
 In effect, the JCC assigned a 0% PIR due to this alleged lack of clarity.
 

 A brief review of the record, however, reflects that Dr. Gonzalez’ testimony is anything but unclear as to whether the 14% PIR was attributable to the workplace accident:
 

 Q. And, Doctor, you’ve mentioned that Mr. Mitchell previously suffered from depression. Is any portion of that fourteen percent impairment rating due to any pre-existing condition?
 

 A: No, no. If you were — if you are going to go that route, then you would have to say that he has twenty percent ... So, the fourteen percent I’m talking about is according to the 10/4/2001 accident.
 

 Further confusing matters, the JCC found that the compensable aggravation of the preexisting psychological conditions
 
 *1281
 
 was “temporary.” We can find no medical testimony in the record that supports a temporary duration of this aggravation and such a finding is at direct odds with the JCC’s finding that Claimant suffered a permanent psychiatric impairment as a result of the October 4, 2001 workplace accident.
 

 With respect to Claimant’s psychiatric condition, the JCC’s findings in the
 
 Mitchell I
 
 order and again in the order on remand are so conflicting and inconsistent as to make meaningful appellate review impossible.
 
 See Allen v. Protel, Inc.,
 
 852 So.2d 916, 919-20 (Fla. 1st DCA 2003). Although it is rare that an appellate court is required to remand the same issue to the same judge for a second time, we decline Claimant’s invitation to make the findings of fact necessary to find that Claimant is PTD. Such findings are clearly the JCC’s role.
 

 On remand, we instruct the JCC to hold those proceedings necessary to clarify whether Clamant suffered a permanent psychiatric impairment as a result of his workplace accidents (in combination or individually). After making this finding, we direct the JCC to hold those proceedings necessary to consider the claim for PTD in light of the sedentary physical restrictions and psychiatric restrictions, if any, attributable to Claimant’s workplace accidents. We direct the JCC to enter a new, internally consistent order containing her ultimate findings of fact and conclusions of law.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.
 

 [1]
 

 . This inquiry is more appropriate for issues of apportionment, upon which Claimant does not carry the burden and which were not before the JCC.
 
 See
 
 § 440.15(5)(b), Fla. Stat. (2000);
 
 see also Holiday Inn v. Sallee,
 
 496 So.2d
 
 111
 
 (Fla. 1st DCA 1986).