PER CURIAM.
 

 Appellant/Cross-Appellee appeals certain statements contained in the trial court’s Order Modifying Foreign Decree, and Appellee/Cross-Appellant appeals the denial of that portion of her petition for modification requesting a change in the minor child’s primary physical residence.
 

 In the introductory findings section of the order on appeal, the trial court referred to the parties’ Joint Custody Agreement wherein the parties agreed to review the Agreement every six months, and speculated that accordingly, no substantial change in circumstances would be required in future modification proceedings. In the adjudicatory section of the order denying modification of the child’s primary residence, the court stated its intent that in the future, the child might “be able to rotate year to year between parents.”
 

 We find that the challenged statements in the order on appeal pertain to matters which might arise in the future but were not necessary to the resolution of the case before the court. “[A] purely gratuitous observation or remark made in pronouncing an opinion and which concerns some rule, principle, or application of law not necessarily involved in the case or essential to its determination is obiter dictum, pure and simple.”
 
 Bunn v. Bunn,
 
 311 So.2d 387 (Fla. 4th DCA 1975). These dicta had no binding legal effect but, as
 
 *1268
 
 demonstrated by this appeal, served only to confound the trial court’s final ruling. See
 
 Cobb v. State,
 
 511 So.2d 698, 700 (Fla. 3d DCA 1987) (Baskin, J., specially concurring) (“Judicial pronouncements which are obiter dicta in character more often serve to confound than to clarify the jurisprudence of this State.”). Because the trial court’s comments did not address the merits of the modification proceedings then before it, such dicta did not constitute grounds upon which the Order Modifying Foreign Decree might be reversed.
 

 We reject Appellee/Cross-Appel-lant’s assertion that the trial court abused its discretion in denying her petition to modify the child’s primary physical residence. See
 
 Jannotta v. Hess,
 
 959 So.2d 373 (Fla. 1st DCA 2007) (standard of review for denial of modification of child custody is abuse of discretion). The trial court’s rejection of portions of the custody evaluation report was a valid exercise of the court’s discretion, and the denial of modification of the child’s primary physical residence was supported by competent substantial evidence other than the custody evaluation report. It is unnecessary to determine whether competent substantial evidence supports a denial of relief to the party carrying the burden of proof.
 
 See Mitchell v. XO Communications,
 
 966 So.2d 489, 490 (Fla. 1st DCA 2007);
 
 see also Fitzgerald v. Osceola County School Bd.,
 
 974 So.2d 1161, 1164 (Fla. 1st DCA 2008) (“a decision in favor of the party without the burden of proof need not be supported by competent substantial evidence.”).
 

 AFFIRMED.
 

 HAWKES, C.J., ALLEN, and CLARK, JJ., concur.