16 So.3d 200 (2009)
Reinaldo B. GARCIA, Appellant,
v.
FENCE MASTERS, INC., and AIG Claims Services, Inc., Appellees.
No. 1D08-5275.
District Court of Appeal of Florida, First District.
August 6, 2009.
*201 Bill McCabe, Longwood, and Richard J. Dolan, II of Morales, Dolan & Cerino, P.A., Hialeah, for Appellant.
John R. Darin of Znosko & Reas, P.A., Maitland, and Gonzalo Rodriguez, Fort Lauderdale, for Appellees.
PER CURIAM.
Claimant challenges an order of the Judge of Compensation Claims (JCC) denying his claim for permanent total disability (PTD) benefits. Claimant argues the JCC erred by relying on the opinion of a vocational expert retained by the employer/carrier (E/C) because the opinion was not sufficiently supported by valid data. For reasons explained herein, we reverse and remand this case for further proceedings.

Background
Claimant, a fifty-nine-year-old welder with limited education and a work history restricted to the field of welding, was displaced from his employment of sixteen years by a compensable injury to his left (non-dominant) shoulder. Claimant is fluent in Spanish, but cannot speak, read, or write in English. All of the physicians who offered opinions in this matter opined Claimant was permanently limited to sedentary or light work and could not return to his previous occupation. Instead of utilizing the reemployment and rehabilitation provisions mandated by section 440.491(1)-(9), Florida Statutes (2005), the E/C hired Richard Lopez, a vocational expert. Two days prior to final hearing, and nearly one and a half years after Claimant requested PTD benefits, Lopez performed a "labor market survey" by looking for job listings in the newspaper and on the Internet. Lopez testified he found ten jobs purportedly within Claimant's physical restrictions, and within fifty miles of Claimant's home. Lopez testified the E/C instructed him not to assist Claimant in finding work; rather, he was simply needed to identify positions within Claimant's "physical limitations." When cross-examined about the actual vocational, physical, and educational requirements of the jobs included in the labor market survey, Lopez admitted he had no knowledge as to such information. Lopez also testified he performed a transferrable skills analysis and, in essence, could not identify any skills possessed by Claimant that would transfer to lighter work. Claimant, in turn, hired a vocational expert who testified he investigated the jobs identified by Lopez, and all of them had physical, vocational, and/or educational requirements that exceeded Claimant's abilities.

The JCC's denial of PTD benefits
The JCC denied PTD benefits by finding Lopez's testimony more persuasive than that of Claimant's vocational expert and concluding Claimant was capable of performing at least sedentary work within a fifty-mile radius of his residence. From the JCC's order, however, it is not clear whether she took into consideration (in addition to Claimant's physical restrictions) vocational factors that might restrict Claimant from engaging in gainful employment. Claimant admitted, at all times relevant to these proceedings, he was physically capable of sedentary work, but was seeking PTD benefits based on his physical restrictions coupled with his vocational limitations. In the order on appeal, the JCC recited and summarized, in detail, all of the evidence introduced at trial, and *202 concluded Claimant was physically capable of at least sedentary work[*]. The parties never disputed this fact, and the JCC's conclusion does not answer the ultimate factual and/or legal issues that were presented for resolution. Because Lopez's testimony did not address the vocational factors necessary to make a determination as to Claimant's employability, the JCC's reliance on his testimony does little to inform this court whether the JCC utilized the proper legal standard in deciding Claimant's entitlement to PTD benefits.

Legal standard for establishing entitlement to PTD benefits
The statute that governs Claimant's entitlement to PTD benefits requires the JCC to determine whether the employee is unable to engage in (to obtain, or contract for the services of) at least sedentary employment within a fifty-mile radius of his residence, due to his physical limitations. See § 440.15(1)(b)5., Fla. Stat. (2005). This court has held that proper interpretation of this statute, which sets the threshold for PTD benefits for injuries occurring on or after October 1, 2003, requires the JCC to consider not only physical restrictions, but also the vocational restrictions, if any, imposed on the individual seeking benefits. See Ferrell Gas v. Childers, 982 So.2d 36, 37 (Fla. 1st DCA 2008); see also Wal-Mart Stores, Inc. v. Thompson, 974 So.2d 516, 517 (Fla. 1st DCA 2008).

Disposition
Here, the JCC made no finding as to which, if any, vocational impairments or factors she considered in denying benefits. Moreover, the JCC made no finding as to what, if any, employment Claimant could reasonably obtain (within fifty miles of his residence) given his particular circumstances and his physical restrictions. Instead, the JCC found, in a conclusory fashion, that Claimant was able to engage in at least sedentary work within fifty miles of his residence. Because of the noted deficiencies in the substance of Lopez's testimony, the JCC's reliance thereon does not illustrate to this court that the JCC employed the correct legal standard in analyzing Claimant's entitlement to PTD benefits. Where it is not clear the JCC employed the correct legal standard in denying PTD benefits, reversal is required. See Houck v. Lee County Bd. of County Comm'rs, 995 So.2d 1102, 1103 (Fla. 1st DCA 2008).
By this decision we emphasize that we feel constrained to reverse because of the absence of clear, ultimate findings of fact on the essential issues presented for resolution. Because the JCC did not reject Claimant's vocational expert's testimony, but merely found Lopez's more persuasive, we remand for the entry of ultimate facts regarding Claimant's entitlement to PTD benefits based on the evidence presented at the June 4, 2008, merit hearing, and in accordance with the governing legal standards as contained in this opinion.
Claimant urges that, because Lopez's testimony was inadequate to answer the vocational questions presented and, further, because the only remaining vocational evidence (that of Claimant's vocational expert) establishes Claimant is unemployable, *203 this court should direct an award of PTD. We have previously addressed the fallacy of this type of argument. See Fitzgerald v. Osceola County Sch. Bd., 974 So.2d 1161, 1164 (Fla. 1st DCA 2008); see also Mitchell v. XO Commc'ns., 3 So.3d 1278 (Fla. 1st DCA 2009). We again remind the bar that the JCC sits as the finder of fact and Claimant has the burden of presenting evidence the JCC finds persuasive. See Mitchell v. XO Commc'ns., 966 So.2d 489, 490 (Fla. 1st DCA 2007). Moreover, the JCC has the discretion to reject even uncontroverted evidence she disbelieves, and this court will not reweigh evidence on appeal. See Ullman v. City of Tampa Parks Dep't, 625 So.2d 868, 874 (Fla. 1st DCA 1993).
REVERSED and REMANDED for proceedings consistent with this opinion.
HAWKES, C.J., and VAN NORTWICK, J., concur; BROWNING, J., concurs with separate opinion.
BROWNING, J., concurring.
If I could write on a "blank slate," I would reverse and remand with directions that the JCC enter an order awarding Claimant PTD. E/C, as a trial tactic, limited the scope of its expert's testimony to physical job availability with specific instructions that vocational factors be ignored. Because the JCC found Claimant's expert credible, but "less persuasive" than E/C's expert, there is no basis on remand for any order other than one awarding PTD. E/C had its chance to present competent evidence, failed to do so, and it should not be given an opportunity to further avoid this claim. Accordingly, I concur but would prefer to do so with a remand on a different basis from that provided by the majority opinion.
NOTES
[*] A compensation order need only contain those findings of ultimate material fact (as opposed to conclusory findings) necessary to support the mandate, and need not contain a recitation of all of the evidence presented. See § 440.25(4)(e), Florida Statutes (2005), see also Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071 (Fla.1st DCA 2003) (en banc). The common practice of using compensation orders as a means to synopsize the entirety of the record is not only unnecessarythe reviewing appellate court has the benefit of the entire recordit often creates uncertainty as to the JCC's ultimate findings and the evidence upon which such findings are based.