PER CURIAM.
In this workers’ compensation appeal, the employer/carrier (E/C) raises nine assertions of error regarding an order of the Judge of Compensation Claims (JCC) awarding various benefits, including permanent total disability benefits. We af *722 firm without further comment as to all but one of these nine issues. We agree, however, with the E/C’s argument that the JCC erred by awarding Claimant medical mileage in excess of what the E/C already paid, and therefore reverse as to this issue.
Claimant sought medical mileage reimbursement in the amount of $516.65, plus penalties and interest. The E/C paid $255.36 in such benefits, and contended this was all it owed because Claimant failed to establish he actually attended medical appointments for many of the dates indicated on the reimbursement form he submitted. Without any findings of fact, the JCC found Claimant was entitled to reimbursement of “mileage submitted not previously paid.”
It was not the E/C’s burden to prove Claimant was not entitled to these benefits. Rather, it was Claimant’s burden to prove he was. See Fitzgerald v. Osceola County Sch. Bd., 974 So.2d 1161, 1163 (Fla. 1st DCA 2008) (holding Claimant has burden to prove entitlement to workers’ compensation benefits). In the proceedings below, Claimant offered no evidence to establish his entitlement to additional medical mileage reimbursement. He offered no testimony regarding any of the disputed entries on his reimbursement request form, and did not present any evidence to establish the number of miles driven, or the appropriate reimbursement rate.
Because competent substantial evidence does not support the JCC’s award of medical mileage reimbursement in excess of the amount already paid by the E/C, we REVERSE.
KAHN, BENTON, and CLARK, JJ., concur.