PER CURIAM.
 

 In this workers’ compensation appeal, the claimant asks this Court to reverse a final order denying temporary partial disability (“TPD”) benefits. She argues the denial is not based on competent, substantial evidence. Although the claimant was under intermittent work restrictions from December 2008 to March 2009, neither of her treating physicians opined that the workplace injury led to the need for restrictions. The claimant’s first doctor testified unequivocally that the work restriction he imposed did not result from the compensable injury. And the judge of compensation claims (“JCC”) discounted the testimony of the claimant’s second doctor who equivocated as to the need for restrictions and who considered it reasonable to “backdate” the work restrictions to the date of injury.
 
 See City of West Palm Beach Fire Dep’t v. Norman,
 
 711 So.2d 628, 629 (Fla. 1st DCA 1998) (JCC can accept testimony of one physician over another). We therefore affirm the denial of TPD benefits because the claimant did not carry her burden to prove her compensa-ble workplace injury required work restrictions from the date of accident to the date of maximum medical improvement.
 
 See
 
 § 440.15(4), Fla. Stat. (2007). We further remind the workers’ compensation community that although we normally review a JCC’s order to determine whether competent, substantial evidence supports it, “[a] decision in favor of the party
 
 without
 
 the burden of proof
 
 need not be supported by competent, substantial evidence.” Fitzgerald v. Osceola County Sch. Bd.,
 
 974 So.2d 1161, 1164 (Fla. 1st DCA 2008) (citing
 
 Mitchell v. XO Commc’ns,
 
 966 So.2d 489, 490 (Fla. 1st DCA 2007) (emphasis added)).
 

 AFFIRMED.
 

 BENTON, C.J., CLARK, and MARSTILLER, JJ., concur.