MARSTILLER, J.
 

 The appellant, William H. Fort-ner, is a firefighter/paramedic employed by the Town of Longboat Key. Mr. Fort-ner sought workers’ compensation benefits after injuring his left ankle in January 2010 while exercising on an elliptical machine during his shift. He claimed the injury occurred because of trauma to his left ankle from work-related accidents in May 2002, September 2005 and September 2009. A Judge of Compensation Claims (“JCC”) denied Mr. Fortner’s claim finding no medical evidence that any of the asserted work-related accidents, including the elliptical machine incident in January 2010, resulted in injury to Mr. Fortner’s ankle. On appeal, Mr. Fortner challenges the denial of his claim arguing that the decision is unsupported by competent, substantial evidence. But in workers’ compensation cases, “[a] decision in favor of the party
 
 'without
 
 the burden of proof
 
 need not be supported by competent substantial evidence.” Fitzgerald v. Osceola County
 
 
 *1103
 

 Sch. Bd.,
 
 974 So.2d 1161, 1164 (Fla. 1st DCA 2008) (citing
 
 Mitchell v. XO Commc’ns,
 
 966 So.2d 489, 490 (Fla. 1st DCA 2007) (emphasis added)). And after reviewing the evidence Mr. Fortner presented in support of his claim, we concur with the JCC’s conclusion and affirm the denial of benefits.
 

 Harold W. Vogler, D.P.M., a certified reconstructive foot and ankle surgeon, testified via deposition that Mr. Fortner came to him on August 19, 2009, complaining of severe left ankle pain. Dr. Vogler’s notes from that visit indicate that Mr. Fortner said he had been experiencing progressively worsening pain for approximately twelve years. Mr. Fortner brought with him some x-rays and an MRI taken the day before that showed, among other conditions, chronic degenerative changes in the tip of the fibula, chronic hypertrophic Achilles tendonitis, and a deep osteochondri-tis dissecans
 
 *
 
 lesion (“OCD lesion”) in the ankle. Mr. Fortner did not tell Dr. Vogler of any work-related accidents, and Dr. Vo-gler could give no medical opinion on whether Mr. Fortner’s employment in any way caused the OCD lesion.
 

 Patrick O’Neill, M.D., an orthopedic surgeon, first saw Mr. Fortner in March 2010 and performed surgery on him in late July or early August of that year. Dr. O’Neill described in deposition what he did and saw during the surgery:
 

 He had essentially what we expected to see. He had areas of cartilage loss, some bone involvement. We went ahead and debrided his lesion down to — you know, it was good stable surrounding rim of cartilage. Extensive — you know, extensive like we would have expected ... what we call and OCD lesion, osteo-chondral [sic] bone and cartilage lesion there.
 

 ks
 
 to the OCD condition, Dr. O’Neill testified, “at some point he had an injury that caused it. Without knowing — I mean it’s hard for me to place — it’s hard for me to say what injury would have caused it.”
 

 Both physicians testified, when presented with a hypothetical involving prior work-related injuries to Mr. Fortner’s ankle, that such injuries could have caused and exacerbated the OCD condition. But neither physician had any concrete information about previous injuries, work-related or otherwise. Thus neither could opine ■with reasonable medical certainty that Mr. Fortner’s current condition resulted from work-related injuries. The JCC therefore correctly concluded there was no evidence Mr. Fortner’s employment is the major contributing cause of the ankle injury he sustained in January 2010.
 

 AFFIRMED.
 

 HAWKES and RAY, JJ„ concur.
 

 *
 

 Separation of a portion of joint cartilage and of underlying bone.
 
 Stedman's Medical Dictionary
 
 1107 (25th ed. 1990).