PER CURIAM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in denying his request for a $2,000 advance, which was made pursuant to section 440.20(12)(c)2., Florida Statutes. It is undisputed that Claimant, at the time of the hearing, had not worked since the date of accident. Claimant testified that he was behind on “a lot of bills,” had been paying the minimum monthly as far as rent, and was behind on his car payment. When asked by his counsel if he believed that it was in his best interest to receive a $2,000 advance, Claimant affirmatively responded.
In response to the argument of the Employer/Carrier (E/C) that Claimant failed to present any evidence that $2,000, as opposed to say $500, was appropriate, the JCC asked Claimant’s counsel why $2,000 was requested and noted that section 440.20(12)(c) does not say that an advance must be made in that amount. Claimant’s counsel argued that the E/C had the burden to refute Claimant’s testimony and prove that something less than $2,000 was more appropriate. The JCC denied Claimant’s request for an advance, finding that Claimant failed to present any evidence regarding what amount not exceeding $2,000 would be in his best interest. This appeal followed.
Section 440.20(12), Florida Statutes (2011), provides in part:
(c) In the event the claimant has not returned to the same or equivalent employment with no substantial reduction in wages or has suffered a substantial loss of earning capacity or a physical impairment, actual or apparent:
[[Image here]]
2. An advance payment of compensation not in excess of $2,000 may be ordered by any [JCC] after giving ... due consideration to the interests of the person entitled thereto.
Claimant correctly argues that he made the required showing that he had not returned to the same or equivalent employment with no substantial reduction in wages. However, as the statute provides, and as we have explained, once such a showing is made, a JCC may award an advance payment of compensation not in excess of $2,000 after considering a claimant’s interests. See Lopez v. Allied Aerofoam/Specialty Risk Servs., 48 So.3d 888, 888-89 (Fla. 1st DCA 2010). Although Claimant testified that he was behind on certain bills and affirmatively responded when asked if a $2,000 advance would be in his best interest, he did not, as noted by the JCC, provide any evidence to show that $2,000, as opposed to something less *729 than that, was appropriate in his situation. Without Claimant presenting sufficient evidence as to why a $2,000 advance was appropriate, the JCC was unable to adequately consider Claimant’s interests, as required under the statute.
Accordingly, we AFFIRM.
DAVIS, VAN NORTWICK, and ROWE, JJ., concur.