THOMAS, J.,
dissenting on denial of hearing en banc.
I respectfully dissent[1] from the court’s denial of the en banc motion pursuant to Florida Rule of Appellate Procedure 9.381, because this case is of exceptional importance, addresses parents’ fundamental constitutional and statutory rights to receive notification of their daughter’s intent to undergo an abortion, and the panel decision incorrectly reverses the trial court’s order requiring parental notice. In addition, we should have heard this case en banc and addressed the impact of the 2011 amendments to the Parental Notice of Abortion Act. Furthermore, we should not allow a panel decision to issue in a case of this magnitude, where there is no binding opinion joined by two judges, and thus no guidance is provided to the bench, bar or public.
The two concurring opinions which result in the reversal of the trial court’s order both fail to properly apply the 2011 statutory reforms, and thus wrongfully deprive the parents of notice. One of those opinions places the burden on the trial court to justify its ruling, rather than on the minor who had the burden of persuasion below, contrary to our precedent. See Mitchell v. XO Communications, 966 So.2d 489 (Fla. 1st DCA 2007). There, we held that a decision in favor of the party without the burden of persuasion below (here, the parents) need not be supported by competent, substantial evidence. The other concurring opinion essentially disregards the legislative changes to the parental notice law, relegated to a footnote, and *752 instead relies on pre-2011 case law to justify reversing the trial court’s thoughtful and correct order. Thus, we should have heard this case en banc to address the 2011 statutory reforms, and affirm the trial court’s order.
The 2011 legislation enacted two important changes to the parental-notice statute: (1) it significantly increased a minor’s burden of persuasion in the trial court to obtain an abortion without parental notice; and (2) it restricted this court’s authority to reverse a trial court’s order upholding the parents’ right to notice, by amending the applicable appellate standard of review. It is critical to realize that in a parental notice case, the law demands that parents receive notice of their minor daughter’s intent to obtain an abortion, unless the minor proves by clear and convincing evidence that her parents should not be informed.
In Florida, the Legislature has addressed the parental notice standard, not once, but three times, first in 1999. In 2003, the Florida Supreme Court held that the Legislature has no constitutional authority to require that parents receive notification under Florida’s privacy amendment. N. Fla. Women’s Health & Counseling Srvs., Inc. v. State, 866 So.2d 612 (Fla.2008). That decision was not based on federal constitutional law, because the United States Supreme Court in Ohio v. Akron Center for Reproductive Health recognized that parents have a right to be informed of their minor child’s intent to obtain an abortion. 497 U.S. 502, 519-21, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990). In fact, the Legislature was not required under federal constitutional law to provide any judicial bypass procedure; thus, it certainly is free to narrowly define those cases in which parents may be deprived of notice.
In 2004, based on an amendment submitted by the Legislature, the Florida electorate amended its organic law to authorize that the Legislature provide by general law to require parental notice of a minor child’s decision to obtain an abortion. This amendment further required that the Legislature enact a process for a “judicial waiver” of parental notification. Art. X, § 22, Fla. Const. This organic law does not, however, define the limits of parental rights, the nature of the waiver procedure, or the limits of the minor’s right to proceed without parental notice.
In 2005, the Legislature once again implemented the parental right to notice. To strengthen the parental right to notification prior to a minor child obtaining an abortion, in 2011 the Legislature amended the Act to require the minor child to prove by clear and convincing evidence that she is either “sufficiently mature to decide whether to terminate her pregnancy” or that “notification of a parent ... is not in the best interest” of the child. § 390.01114(4)(c)-(d), Fla. Stat. In addition, trial court decisions upholding the parents’ right to notice must be affirmed by this court, unless we determine that the trial court abused its discretion; we are specifically prohibited from reweighing the evidence supporting the trial court’s ruling. § 390.01114(4)(b)(2), Fla. Stat.
Here, the trial court properly found that the minor child did not provide clear and convincing evidence that she should be permitted to obtain an abortion, without providing notice to her parents. On review in this court, the panel decided that the trial court erred in requiring parental notice. As noted, however, the two concurring opinions do not constitute an opinion of this court. A judge of this court then moved that we hear this case en banc. This motion failed by garnering nine “no” votes and six “yes” votes, despite the obvi *753 ous importance of the issue. In my view, rather than allow a decision in this case to be decided without any binding opinion, we should have heard this case en banc. Furthermore, we should have issued a binding opinion which incorporated Judge Makar’s views, which properly applied the 2011 statutory amendments to the Parental Notice of Abortion Act and would have affirmed the trial court.
Parents are due proper deference in their right to be informed of their minor daughter’s intent to undergo any medical procedure. The Legislature certainly thinks parents are due this deference, as did the Florida electorate when it amended its organic law. Unfortunately, the court today has decided otherwise both in the panel decision and the decision denying a judge’s motion to consider this case in an en banc hearing. Thus, I respectfully dissent from the court’s decision denying the motion to hear this case en banc.

. This court previously, and correctly, decided to allow judges to dissent from the denial of an en banc motion. It is a common practice in federal and state courts. Here, where this is a deeply divided court on an issue of great public importance, the public benefits when it is informed why a judge supports en banc review.