THOMAS, J.,
dissents.
I dissent. This case presents nothing more than a failure of proof on Claimant’s part, who bore the burden of persuasion. See Fitzgerald v. Osceola Cnty. Sch. Bd., 974 So.2d 1161, 1164 (Fla. 1st DCA 2008) (“Claimant bore the burden over the course of the proceedings below to prove her entitlement to workers’ compensation benefits.”); Mitchell v. XO Commc’ns, 966 So.2d 489, 490 (Fla. 1st DCA 2007) (“Claimant has the burden to prove entitlement to ... benefits.... Accordingly, Claimant must present evidence the JCC finds persuasive.”). The JCC found that Claimant’s “income and expenses roughly equate,” the record supports that finding, and in the absence of any evidence of specific indebtedness connected to the workers’ compensation case, the JCC properly denied the advance. See Worthy v. Jimmie Crowder Excavating, 100 So.3d 727, 728-29 (Fla. 1st DCA 2012) (noting claimant did not “provide any evidence to show that $2,000, as opposed to something less than that, was appropriate in his situation”). Thus, I respectfully dissent.