# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4650
_____

NICOLE PAYNE,

Appellant,

v.

ALLSTAFF INC/SUMMIT,

Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: January 20, 2017.

March 13, 2019

PER CURIAM.

In this workers' compensation case, Claimant appeals the Judge of Compensation Claims' (JCC's) order denying her claim for temporary partial disability (TPD) benefits. The JCC gave several reasons for his denial, including his finding that Claimant's disability and loss of wages were not caused by her compensable workplace injury. Although the JCC appears to have misconstrued the law on medical causation, we affirm because Claimant ultimately did not satisfy her prima facie burden to prove entitlement to TPD benefits.

In January 2017, Claimant developed a left shoulder rash that she attributed to exposure to plastic at the workplace. The Employer/Carrier (E/C) conditionally accepted compensability of the rash under the pay-and-investigate provisions of section 440.20(4), Florida Statutes (2016). In early March 2017, the E/C denied compensability when the treating physician opined that Claimant was at maximum medical improvement from a rash that had never been work-related in the first place. Based on previously assigned work restrictions for the rash, Claimant subsequently pursued claims for TPD benefits payable in January and February 2017.

TPD benefits under section 440.15(4)(a), Florida Statutes (2016), are payable "only if overall maximum medical improvement has not been reached and the medical conditions resulting from the accident create restrictions on the injured employee's ability to return to work." *See Wyeth/Pharma Field Sales v. Toscano*, 40 So. 3d 795, 799 (Fla. 1st DCA 2010). As a general rule, a claimant bears the burden of proving entitlement to each requested workers' compensation. *See, e.g., Fitzgerald v. Osceola Cty. Sch. Bd.*, 974 So. 2d 1161, 1164 (Fla. 1st DCA 2008). But under the express language of section 440.20(4), the E/C here were obliged to provide "all benefits and compensation as if the claim had been accepted as compensable" during the pay-and-investigate period. Thus, Claimant met part of her burden to prove entitlement to the claimed benefits: her rash must be considered a compensable workplace injury through the date of the denial.

Because compensability was established by operation of section 440.20(4), the JCC here erred as a matter of law to the extent that he denied TPD benefits based on the medical evidence that Claimant's rash was never related to her employment. Nevertheless, Claimant's prima facie burden here also included proof that her workplace injury caused a reduction of wages below 80% of her pre-injury average weekly wage. § 440.15(4)(a), Fla. Stat. (2016). *See, e.g., Toscano*, 40 So. 3d at 799. As the JCC found, Claimant provided only vague and unpersuasive testimony to establish her post-injury wages and submitted no documentation. Because the record contains no competent substantial evidence demonstrating the requisite reduction of wages, Claimant cannot satisfy her burden entitling her to the claimed benefits. For that

reason, the JCC's error as to section 440.20(4) is harmless, and the benefits are properly denied. We, therefore, AFFIRM the order below.

WETHERELL, ROWE, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Bill McCabe, Longwood, and Kevin R. Gallagher of The Gallagher Law Group, Fort Lauderdale, for Appellant.

H. George Kagan of H. George Kagan, P.A., Gulf Stream, for Appellees.