MILLS, Judge.
Jones Construction Company and Aetna Casualty and Surety Co. (E/C) appeal from an order granting a lump-sum advance of permanent total disability benefits. We reverse.
Jones was injured in September 1976 when he fell from a truss on a construction site. In October 1979, the E/C voluntarily accepted him as permanently and totally disabled (PTD). Jones requested lump-sum payment of his PTD benefits in August 1985.
At the hearing on his request, Jones presented a financial plan calling for the purchase of an annuity which would increase his monthly disposable income by approximately $100 and create an estate for his wife should he die. The deputy commissioner found the plan to be in Jones’ best interest and ordered the E/C to pay $91,708.30 (the present value of Jones’ PTD benefits) to the claimant’s attorney as trustee for the purchase of the annuity.
In Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980), this court held that the creation of an estate was an insufficient reason to grant a lump-sum payment of PTD benefits, in that workers’ compensation benefits were not intended to serve as life insurance; an advancement must be in “the best interests of the person entitled to compensation”. Court of Flags at 444 (emphasis in original). Accord Buono v. City of Riviera Beach, 484 So.2d 50, 52 (Fla. 1st DCA 1986); Brevard County School Board v. Walters, 396 So.2d 1197, 1200 (Fla. 1st DCA 1981). Therefore, the creation of an estate for the benefit of Jones’ wife should not have been considered by the D/C as evidence that the lump-sum payment was in Jones’ best interest.
In Buono, we held that while the alleviation of potential hardship to a claimant’s wife was not a legally sufficient basis for an advance payment standing alone, it was a valid consideration along with other factors. Buono at 52. However, the second reasón provided by the D/C for finding the award in Jones’ best interest, that is, the creation of more disposable income by way of purchase of an annuity, is also insufficient. Brevard County School Board; Court of Flags; Jensen Construction Co. v. Sowers, 480 So.2d 691 (Fla. 1st DCA 1985). If the capacity of money to earn more in passive investment than the (statutory) discount rate were reason enough to commute the periodic payments which are characteristic of the compensation system, then all awards to financially prudent claimants would be commuted in inflationary times. Court of Flags (Robert Smith, J., concurring). Such awards also distort the legislative intent that any money-market advantage remain with the employer/ carrier. Jensen at 692.
It is true that in Cone Bros. Contracting Co. v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984), the court approved a lump-sum advance which allowed the purchase of an annuity, netting the claimant a $165 increase in monthly income. However, Cone Bros, held only that the money-market factor is not a sufficient basis upon which to deny a lump-sum advance to a claimant who is otherwise entitled thereto. See Jensen at 693, n. 1 (emphasis in original). Appellee claims that a recently acquired mortgage demonstrates an additional “unique benefit or interest” which would be served by the lump-sum advance herein. However, the record reflects that this mortgage obligation has created no undue hardship on Jones as he indicated below that his present income is sufficient to meet the payments.
Based on the foregoing, we hold that the D/C erred in finding that the award of lump-sum PTD benefits herein was in Jones’ best interest and reverse.
BOOTH, C.J., and WENTWORTH, J., concur.