WENTWORTH, Judge.
The Special Disability Trust Fund appeals a workers’ compensation order by which a lump sum advance payment of compensation benefits was approved. We find that such approval was not in accordance with the applicable standards for lump sum payments, and we therefore reverse the order appealed.
Section 440.20(12)(a), Florida Statutes, expresses “the stated policy ... that it is in the best interests of the injured worker that he receive disability or wage-loss payments periodically.” Lump sum payments are nevertheless permitted in appropriate circumstances, but section 440.20(13)(d), Florida Statutes, requires a determination that a lump sum payment be in the claimant’s “best interests.” In the present case this determination was made upon a finding that the lump sum advance would counteract the effects of inflation, alleviate debt and provide economic peace of mind, and result in a substantial increase in claimant’s monthly income. These factors are predicated upon a disparity between the *685 statutory discount rate and the prevailing money market investment rate, and this advantage would be generally common to all claimants serviced by carriers subject to the same statute in the current financial market. As Jensen Construction Co. v. Sowers, 480 So.2d 691 (Fla. 1st DCA 1985), indicates, such money market considerations may not serve as the predominant factor motivating a lump sum payment. We therefore conclude that the deputy’s approval of a lump sum payment in the present case was an abuse of discretion.
The order appealed is reversed.
BOOTH, C.J., and MILLS, J., concur.