WENTWORTH, Judge.
Employer/carrier appeal a workers’ compensation order by which an 80% lump sum advance of compensation payments was approved. We find that such approval was not in accordance with the applicable standards for lump sum payments, and we therefore reverse the order appealed.
Section 440.20(13)(d), Florida Statutes, permits a lump sum advance of compensation payments if such advance is shown to be in the claimant’s “best interests.” In the present case this determination was made upon a finding that the lump sum advance would allow claimant to restructure his finances so as to increase his assets and income, thus providing greater economic stability.[1] This advantage is essentially predicated upon a disparity between the statutory discount rate and the prevailing money market investment rate.
However, such an advantage is generally common to all claimants serviced by carriers subject to the same statute in the current financial market, and such money market considerations may not serve as the predominant factor motivating a lump sum payment. See Special Disability Trust Fund v. E.J. Sales & Service, 497 So.2d 684 (Fla. 1st DCA 1986); Jensen Construction Co. v. Sowers, 480 So.2d 691 (Fla. 1st DCA 1985). We therefore conclude that the deputy’s approval of a lump sum advance in the present case was an abuse of discretion.
The order appealed is reversed.
MILLS and BARFIELD, JJ., concur.

. Claimant’s proposed financial plan assumes that supplemental benefits pursuant to section 440.15(l)(e)l, Florida Statutes, would be unaffected by an 80% lump sum advance. On March 11, 1987 the Department of Labor and Employment Security, Division of Workers’ Compensation, issued a declaratory statement denominated "In Re: Petition of Liberty Mutual Insurance Company for Declaratory Statement” by which it indicated that supplemental benefits will be porportionally reduced when permanent total disability payments are reduced by a partial lump sum advance. In the present case we do not address the merits of this declaratory statement or the authority of the Division of Workers' Compensation to reduce supplemental benefits.