SHIVERS, Judge.
The claimant in this workers’ compensation appeal injured her back lifting a mattress while working as a maid for Lago Mar. She returned to her job at Lago Mar the next day but found that her back pain prevented her from performing her work. She also tried but was unable to perform maid service for her former landlord. Lago Mar eventually laid her off in June 1985.
Claimant filed a claim for benefits and a hearing was conducted. On February 16, 1988 the deputy commissioner (DC) ordered the employer/carrier to pay certain unpaid medical bills, temporary total disability benefits from December 1, 1985 through March 13, 1987, and wage loss benefits from March 13,1987, “for two years bringing all payments current in one lump sum_” We affirm the DC’s order except for the award of wage loss benefits that constitute a lump sum advance.
The DC’s order providing “wage loss benefits from March 13, 1987, for two years bringing all payments current in one lump sum ...” is in contravention of section 440.20(4), Fla.Stat. (1985). The statute provides that wage loss benefits “shall be paid monthly, subsequent to the termination of the period for which such payments are due_” Id.
Determination of wage loss benefits must be on a month-to-month basis with each month constituting a separate claim, the liability for payment of which accrues monthly. An award of lump sum advance wage loss benefits is improper. Murphree Bridge Corp. v. Brown, 492 So. 2d 451 (Fla. 1st DCA 1986). We affirm that portion of the lump sum wage loss awarded for the period prior to hearing when claimant’s failure to conduct a job search was properly excused and we reverse that portion of the lump sum award that applies to the period after the December 10, 1987 hearing as it permits an unlawful advance of wage loss compensation.
AFFIRMED in part, and REVERSED in part.
BOOTH and THOMPSON, JJ., concur.