ON MOTION FOR REHEARING

ERVIN, J.
Appellants seek rehearing of our opinion in Workers of Florida v. Williams, 24 Fla. L. Weekly D1546 (Fla. 1st DCA June 30, 1999). We grant rehearing for the purpose of clarifying our former opinion and substitute the following therefor; the motion is otherwise denied.
In this workers’ compensation case, the employer/earrier (E/C) appeals an order awarding claimant a cash advance of $2,000 and raises numerous points for reversal. We affirm all points and address only that issue which contends the judge of compensation claims (JCC) abused his discretion in approving the cash advance, because there was no evidence of legal entitlement to future benefits from which the E/C could recoup the advance.
Claimant suffered a compensable injury consisting of a dislocated right shoulder and complete rotator cuff tear on January 25, 1998. While still recovering from his injury and receiving temporary total disability (TTD) benefits, claimant filed a mo *610 tion pursuant to section 440.20(12), Florida Statutes (1997), seeking a $2,000 cash advance. In support of his request, he presented evidence showing that he had sustained a substantial change of earning capacity as a result of the industrial injury, which adversely affected his ability to pay rent and utilities. At the time of the hearing, claimant, who did not testify, was just four days post-surgery for repair of the torn rotator cuff. Following the hearing, the JCC granted the $2,000 cash advance and directed repayment thereof at the rate of $20 per week from future TTD or temporary partial disability (TPD) payments or other income benefits.
The E/C argues that the JCC erred in ordering the advance because there is no evidence indicating that claimant would be eligible to receive any benefits in the future from which the E/C could recover the sum advanced. As there was no finding of permanent disability, the E/C further contends that claimant is not eligible for benefits other than TTD or TPD and continued payment of same is speculative, at best. Finally, it urges that a cash advance prior to permanent disability is premature, and it cites Murphree Bridge Corp. v. Brown, 492 So.2d 451 (Fla. 1st DCA 1986), in support thereof.
We cannot agree with the E/C’s contentions. First, from a plain reading of section 440.20(12)(e), governing advance payments of compensation not exceeding $2,000, we find nothing therein requiring proof that an injured worker must achieve in the reasonably foreseeable future some type of permanent disability status. Subsection (12)(c) allows an advance simply upon a claimant’s showing that he or she has suffered either a substantial loss of earning capacity or a physical impairment. As for the employer’s reliance on Mur-phree, we find the facts therein significantly distinguishable from those at bar. In Murphree, the employee sought a cash advance from future wage-loss benefits, pursuant to section 440.20(13)(d), Florida Statutes (1981), which required, similar to section 440.20(12)(d), Florida Statutes (1997), discussed infra, as to cash advances of more than $2,000 and not in excess of $7,500, that the deputy commissioner must find “that such advance payment is for the best interests of the person entitled to compensation, will not materially prejudice the rights of the employer and carrier, and is reasonable under the circumstances.” The court reversed the cash advance on the theory that “there is no identifiable indebtedness associated with the wage-loss provisions [providing that liability for payment of same accrues monthly] which could support an award of an advance payment which encompasses an amount more than the amount due as a monthly benefit.” Murphree, 492 So.2d at 453.
The effect' of the Murphree decision was that until the claimant could be determined eligible for permanent total disability benefits, he or she could not receive a cash advance from future wage-loss payments, because the employer’s obligation to furnish such wage-loss benefits was determined monthly and could end at any time once claimant regained a wage-earning capacity. Thus, there was no fund from which cash could be advanced. Accord Lago Mar Properties, Inc. v. Manfred, 535 So.2d 646 (Fla. 1st DCA 1988).
Implicit throughout the Murphree opinion was the court’s assumption that if claimant were allowed a future advance from a nonexistent fund, the employer could be materially prejudiced in any later attempt to obtain repayment, which is the argument the employer now appears to make. Although the contingency of non-reimbursement from employee Williams may, in fact, be realized, the legislature has not seen fit to codify the possibility of employer prejudice as to advances not exceeding $2,000, as here. The only conditions pertinent to the inquiry of the appropriateness of such advances are those stated in section 440.20(12)(c), and they do not mention the potential of employer prejudice. Contrast section 440.20(12)(d), providing, as to disputes involving cash advances of more than $2,000, the JCC must find that the advance is in the best interests of the claimant, will not material *611 ly prejudice the rights of the E/C,, and is reasonable. Compare Sanford v. Alachua County School Board, 425 So.2d 112, 113 (Fla. 1st DCA 1982), wherein this court rejected the E/C’s argument that it would be materially prejudiced if it were forced to make a payment of more than $2,000 to a disabled claimant who might later regain an earning capacity. We noted that the legislature had specified certain contingencies in the statute as it then existed affecting the question of possible employer prejudice, but that a claimant’s subsequent resumption of an earning capacity was not one of those listed. Id. at 114.
We have considered certain other cases the employer cited in support of its position that reversal is required, e.g., Cochrane Distributing Co. v. Lewis, 504 So.2d 1291 (Fla. 1st DCA 1987), and Special Disability Trust Fund v. E.J. Sales & Service, 497 So.2d 684 (Fla. 1st DCA 1986), and find them distinguishable in that they involve lump sum advances of more than $2,000. Similarly, cases such as Special Disability Trust Fund v. Myers, 492 So.2d 788 (Fla. 1st DCA 1986), and Butler’s Dairy, Inc. v. Honeycutt, 432 So.2d 777 (Fla. 1st DCA 1983), precluding lump sum advances in the absence of evidence showing that the employee had reached maximum medical improvement, are inapplicable in that they are based on statutes no longer in effect that had disallowed such advances until the date of the employee’s maximum medical improvement.
Because the judge’s order below was supported by competent, substantial evidence showing that the $2,000 cash advance was necessary due to claimant’s substantial loss of earning capacity as a result of the compensable accident, which rendered him temporarily and totally disabled, the order is
AFFIRMED.
WOLF and WEBSTER, JJ., CONCUR.