PER CURIAM.
 

 In this workers’ compensation case, Claimant, Rocio Lopez, appeals an order of the Judge of Compensation Claims (JCC) denying a request for a statutory advance payment of compensation not in excess of $2,000.00. Claimant argues the JCC erred in determining advances of $2,000.00 or less are not awardable in contested cases. Under existing law, reversal is required.
 

 Section 440.20(12)(c), Florida Statutes (2009), permits a JCC to award an advance payment of compensation not in excess of $2,000.00, after giving due consideration to the “interests of the person entitled thereto,” where a claimant demon
 
 *889
 
 strates one of the following: (1) failure to return to employment at no substantial wage reduction; (2) a substantial loss of earning capacity; or (B) an actual or apparent physical impairment. The statute does not require proof that the injured worker will actually receive any benefits in the future from which the employer can recover the sum advanced, and the statute does not limit advances to cases in which compensability is established.
 
 See Workers of Fla. v. Williams,
 
 743 So.2d 609, 610 (Fla. 1st DCA 1999).
 

 In
 
 Williams,
 
 the employer argued the JCC erred in ordering a $2,000.00 advance because no evidence indicated the claimant would be eligible to receive any benefits in the future from which the E/C could recover the sum advanced. This court disagreed: “Although the contingency of non-reimbursement from [the] employee ... may, in fact, be realized, the legislature has not seen fit to codify the possibility of employer prejudice as to advances not exceeding $2,000, as here.”
 
 Id.
 
 The court reiterated, “The only conditions pertinent to the inquiry of the appropriateness of such advances are those stated in section 440.20(12)(e), and they do not mention the potential of employer prejudice.”
 
 Id.
 

 The
 
 Williams
 
 case was decided in 1999, and the Legislature has substantially amended the Workers’ Compensation Law since that time.
 
 See, e.g.,
 
 Ch. 2001-91, Laws of Fla.; Ch. 2003-412, Laws of Fla. With presumptive knowledge of this court’s holding in
 
 Williams,
 
 the Legislature elected not to amend section 440.20(12)(c)2.
 
 See City of Hollywood v. Lombardi,
 
 770 So.2d 1196, 1202 (Fla.2000) (holding Legislature is presumed to know judicial constructions of law when enacting new version of that law). A court must therefore presume that the Legislature has adopted the statutory construction announced by the court in
 
 Williams. See id.
 
 at 1202 (holding Legislature is presumed to have adopted prior judicial constructions of law unless a contrary intention is expressed in new version).
 

 Section 440.20(12)(c)2. requires the JCC to consider the “interests of the person entitled [to the advance].... ” The statute does not, however, mention a showing of ultimate compensability. We may not read such a requirement into the statute.
 
 See Special Disability Trust Fund v. Motor Compressor Co.,
 
 446 So.2d 224 (Fla. 1st DCA 1984) (holding that where statute enumerates one thing, it is ordinarily construed as excluding from its operation all those not expressly mentioned). Here, the JCC found Claimant suffered an apparent physical impairment, as required by the statute.
 
 See
 
 § 440.20(12)(c), Fla. Stat. (2009). Nevertheless, the JCC denied the requested advance based solely on her conclusion that such an advance could not be awarded in a contested case. Accordingly, we REVERSE the order denying an advance.
 

 KAHN, VAN NORTWICK, and THOMAS, JJ., concur.