PER CURIAM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) abused her discretion in denying her a $2,000 advance of compensation as permitted by section 440.20(12)(c)2., Florida Statutes (2010). We agree and reverse and remand for further proceedings.
Claimant, the compensability of whose claim has been controverted by the Employer/Carrier, requested the advance of compensation for the stated reason of taking the deposition of Claimant’s personal physician who could testify as to Claimant’s condition and the treatment she received immediately after she became ill after eating a lunch provided by her Employer during a training session. The JCC found Claimant had sustained a substantial reduction in wages as a result of her alleged accident and injury and that Claimant had not returned to work since April 15, 2011. On that basis, the JCC concluded that Claimant met the preliminary test of entitlement to an advance payment of compensation under section 440.20(12)(c)2.
The JCC denied the request, however, based on the nature of the money’s intended use — to pay for a cost of litigation. The JCC reasoned that monies for costs can be awarded only after a prevailing party is determined. By concluding that section 440.34(3) was implicated in determining Claimant’s entitlement to the advance payment of compensation, the JCC brought to the analysis a provision that has no meaningful relationship to the question at hand — which is whether the request for the advance of compensation has some nexus to the workplace injury. In focusing on the potential use for the funds in denying the advance, the JCC misapprehended this Court’s analysis in ESIS/ACE American Insurance Co. v. Kuhn, 104 So.3d 1111 (Fla. 1st DCA 2012).
In Kuhn, a two-part test was established for determining entitlement to advances up to $2,000. Id. at 1113. A claimant must meet one of the three statutory qualifiers set forth in subsection (c), and the “JCC must determine that the claimant (a) is a proper claimant and (b) has provided adequate justification for her request.” Id. In explaining what goes into the determination of whether the claimant “has provided adequate justification” for the advance, the Kuhn court instructed that the need for the advance must be in furtherance of chapter 440’s purpose, that is, “to address medical and related financial needs arising from workplace injuries.” Id. at 1114. In other words, the need for the advance of compensation must be “tethered to justifiable medical and other needs arising from and related to workers’ compensation claims.” Id. at 1115. Taking the deposition of a witness who may advance proof of the compensability of a claim is such a need.
Accordingly, the JCC’s denial of the requested $2,000 advance of compensation is REVERSED, and this matter is RE *788 MANDED for entry of an order consistent with this opinion.
VAN NORTWICK, ROBERTS, and CLARK, JJ., concur.