IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HATTIE BONNER,

      Appellant,

v.

MIAMI DADE PUBLIC
SCHOOLS/GALLAGHER
BASSETT SERVICES, INC.,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1200

Opinion filed October 7, 2014.

An appeal from an order of the Judge of Compensation Claims.
Ralph J. Humphries, Judge.

Date of Accident: April 9, 2012.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

Michael J. Ring of the Law Office of Michael J. Ring, LLC, Pompano Beach, for Appellee.

PER CURIAM.

In this workers' compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in denying her request for a $2,000 advance. We agree that the JCC erred in denying the advance.

Section 440.20(12), Florida Statutes (2011), permits advances of up to $2,000 on the following proof:

> (c) In the event the claimant has not returned to the same or equivalent employment with no substantial reduction in wages or has suffered a substantial loss of earning capacity or a physical impairment, actual or apparent:
> . . . .
>
> 2. An advance payment of compensation not in excess of $2,000 may be ordered by any [JCC] . . . after giving due consideration to the interests of the person entitled thereto.

The advance must, of course, "have some plausible nexus to" "medical and related financial needs arising from workplace injuries." ESIS/ACE Am. Ins. Co. v. Kuhn, 104 So. 3d 1111, 1114-15 (Fla. 1st DCA 2012). Here, the JCC concluded that "the nexus between the accident and the circumstances suggesting the need for an advance is missing" because Claimant's "difficulty in managing those [financial] circumstances is unrelated to her workplace injury." Thus, the JCC has found that Claimant has both a financial need and difficulty in managing her financial circumstances. But from whence does that difficulty spring? Solely from Claimant's reduction in earnings, which – it is undisputed – is due to her workplace injury.

2

Claimant's uncontroverted testimony was that she was off work for "more than 18 months on sick leave," that she returned to work at a reduction in total pay, and that an advance "would put me up to date . . . so that I could put food in my refrigerator, for one thing, gas in my car, and to pay my bills." By this testimony, which the JCC did not reject, Claimant has met her burden of proof.

The JCC's conclusion that Claimant's difficulty in managing her finances is unrelated to her injury is seemingly based on his categorization of some of Claimant's monthly bills as "luxury expenses." But whether an item is classified as a "luxury" is not a proper factor for consideration under section 440.20(12)(c)2. These small advances are merely a stopgap to help a claimant avoid defaulting with creditors while awaiting the potential distribution of workers' compensation benefits, when the reduction in income is caused by the injury. A claimant is not required to live a pauper's life to be eligible for an advance of up to $2,000 under section 440.20(12)(c)2.

Advances in excess of $2,000 are permitted under subsections 440.20(12)(c)3. and (12)(d), and those subsections mandate that a JCC inquire into the reasonableness of those larger advances. In contradistinction to advances over $2,000, advances in a smaller amount do not permit this inquiry, but involve only a consideration of the claimant's interests; the burden of proof on the claimant is lighter precisely because the financial burden on the employer or carrier is lighter.

As we made clear in <u>Lopez v. Allied Aerofoam</u>, 48 So. 3d 888, 889 (Fla. 1st DCA 2010), "[s]ection 440.20(12)(c)2. requires the JCC to consider the 'interests of the person entitled [to the advance].'" We distinguish <u>Worthy v. Jimmie Crowder Excavating</u>, 100 So. 3d 727 (Fla. 1st DCA 2012), on the ground that there the JCC "was unable to adequately consider Claimant's interests" without additional evidence, which was Worthy's burden to produce and prove, whereas here the JCC found he had sufficient evidence to give Claimant's interests due consideration.

Accordingly, we REVERSE the order denying the advance and REMAND this matter for entry of an order awarding the requested $2,000 advance.

PADOVANO and CLARK, JJ., CONCUR; THOMAS, J., DISSENTS WITH OPINION.

THOMAS, J., DISSENTS.

I dissent. This case presents nothing more than a failure of proof on Claimant's part, who bore the burden of persuasion. See Fitzgerald v. Osceola Cnty. Sch. Bd., 974 So. 2d 1161, 1164 (Fla. 1st DCA 2008) ("Claimant bore the burden over the course of the proceedings below to prove her entitlement to workers' compensation benefits."); Mitchell v. XO Commc'ns, 966 So. 2d 489, 490 (Fla. 1st DCA 2007) ("Claimant has the burden to prove entitlement to . . . benefits. . . . Accordingly, Claimant must present evidence the JCC finds persuasive."). The JCC found that Claimant's "income and expenses roughly equate," the record supports that finding, and in the absence of any evidence of specific indebtedness connected to the workers' compensation case, the JCC properly denied the advance. See Worthy v. Jimmie Crowder Excavating, 100 So. 3d 727, 728-29 (Fla. 1st DCA 2012) (noting claimant did not "provide any evidence to show that $2,000, as opposed to something less than that, was appropriate in his situation"). Thus, I respectfully dissent.