IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSEPH SHANNON,

     Appellant,

v.

CHENEY BROTHERS INC. &
THE TRAVELERS,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2131

_____/

Opinion filed January 30, 2015.

An appeal from an order of the Judge of Compensation Claims.
Mary A. D'Ambrosio, Judge.

Date of Accident: October 25, 2010.

David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for Appellant.

Jerry K. McKim of Wyland & Tadros, LLP, West Palm Beach, for Appellees.

PER CURIAM.

     In this workers' compensation case, Claimant appeals two orders of the Judge

of Compensation Claims (JCC): the first denies an advance payment of

compensation under section 440.20(12)(c), Florida Statutes (2010), and the second denies several claims for medical benefits. We affirm the second order without discussion, and for the reasons that follow, we dismiss the appeal of the first order.

### *Factual and Procedural Background*

Claimant suffered a work-related back injury in October 2010. The Employer/Carrier (E/C) accepted compensability and authorized medical treatment with Dr. Lenard. After Claimant was involved in a non-work-related motor vehicle accident that resulted in injuries to his back and shoulder, Dr. Lenard informed the E/C that the compensable injury was no longer the major contributing cause of Claimant's need for treatment and the E/C denied Claimant's request for an MRI and follow-up treatment with Dr. Lenard.

Claimant thereafter filed two petitions for benefits (PFBs) seeking medical benefits for his back injury. While the PFBs were pending, Claimant filed a motion for an advance payment of compensation of $2,000. The JCC held an evidentiary hearing on Claimant's motion for an advance, and on December 18, 2013, the JCC entered a "Final Evidentiary Order" denying the motion. Claimant did not appeal the order within 30 days after it was entered. The case thereafter proceeded to hearing on the PFBs, and on April 30, 2014, the JCC entered a "Final Compensation Order" denying all of the claims in the PFBs.

Claimant filed a notice of appeal on May 13, 2014, seeking this court's review of both of the orders entered by the JCC.

*Analysis*

This court has jurisdiction to review by appeal two types of workers' compensation orders: (1) final orders and (2) certain non-final orders adjudicating jurisdiction, venue, or compensability. § 440.25(5)(a), Fla. Stat; Fla. R. App. P. 9.180(b)(1). To invoke the court's appellate jurisdiction, the party seeking review of the order must file a notice of appeal with the JCC within 30 days after the order is rendered. Fla. R. App. P. 9.180(b)(3). If a notice of appeal is not timely filed, we lack jurisdiction to review the challenged order and the appeal must be dismissed. See Rance v. D.R. Horton, Inc., 953 So. 2d 622 (Fla. 1st DCA 2007).

Here, there is no question that Claimant timely invoked our jurisdiction to review the order denying the claims in the PFBs; however, because the notice of appeal was filed more than 30 days after the order denying Claimant's motion for an advance, we directed the parties to address in their briefs whether we have jurisdiction to review that order. Claimant argues in his brief that we have jurisdiction to review the order denying the advance because it was a non-final order that was not subject to appellate review until entry of a final order. Specifically, Claimant argued:

> At the time the order denying appellant's motion for advance was entered, all judicial labor was not terminated

3

as there were outstanding petitions for benefits which were not disposed of until April 30, 2014. "The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order and whether a question remains open for judicial determination. In other words, a final decree marks the end of **judicial labor**." Carlton v. Wal-Mart Stores[, Inc.], 621 So. 2d 451 ([Fla.] 1st DCA 1993) and cases cited therein. Because the order on the advance is neither an appealable non final order nor a final order it is properly appealed within 30 days of the final Merits Order.

(emphasis in original). The E/C agreed with this analysis, stating in its brief that "Appellee does not contest the jurisdiction of this Court to consider on appeal the issues raised by the lower tribunal's December 18, 2013 Final Evidentiary Order."

The parties' agreement that we have jurisdiction to review the order denying the advance is not determinative. We have an independent obligation to assess our jurisdiction in every case, and the parties cannot confer jurisdiction on the court that it does not have by agreement or acquiescence. See Polk Cnty. v. Sofka, 702 So. 2d 1243, 1245 (Fla. 1997); Wade v. Fla. Dep't of Children & Families, 57 So. 3d 869 (Fla. 1st DCA 2011).

Claimant is correct that non-final orders are reviewable by an appellate court at the time the final order is entered. See, e.g., Dep't of Revenue v. Groman, 46 So. 3d 1058, 1060-61 (Fla. 1st DCA 2010) (dismissing appeal from nonfinal workers' compensation order striking expert witness, stating "any error committed by the JCC, in striking this expert and appointing another, can be remedied by plenary

4

appeal after the entry of a final order"); see also Fla. R. App. P. 9.110(h) (explaining that as part of appeal of final order, appellate court may review any ruling occurring before filing of notice of appeal); Fla. R. App. P 9.130(g) (explaining that rule authorizing appeals of certain non-final orders "shall not preclude initial review of a non-final order on appeal from the final order in the cause"); Fla. R. App. P. 9.180(a) (providing that workers' compensation appeals are subject to the general appellate rules, except as specifically modified by rule 9.180). But Claimant is incorrect in arguing that the order denying the advance is a non-final order.

We have consistently reviewed orders ruling on requests for an advance payment of compensation as if they were final orders, irrespective of any other claims that may have been pending before the JCC. See, e.g., Bonner v. Miami Dade Public Schools, 148 So. 3d 152 (Fla. 1st DCA 2014) (reversing order denying an advance); ESIS/ACE Am. Ins. Co. v. Kuhn, 104 So. 3d 1111 (Fla. 1st DCA 2012) (reversing order awarding an advance); Worthy v. Jimmie Crowder Excavating, 100 So. 3d 727 (Fla. 1st DCA 2012) (affirming order denying an advance); HIT Promotional Prods. Inc. v. Krivdic, 84 So. 3d 1234 (Fla. 1st DCA 2012) (affirming order awarding an advance); Lopez v. Allied Aerofoam/Specialty Risk Servs., 48 So. 3d 888 (Fla. 1st DCA 2010) (reversing order denying an advance); Workers of Fla. v. Williams, 743 So. 2d 609 (Fla. 1st DCA 1999) (affirming order awarding an advance). And in Salvation Army v. Leon, 75 So. 3d 750 (Fla. 1st DCA 2011), we

5

specifically held that an order <u>awarding</u> an advance is a final order. <u>Id.</u> at 751 (denying motion to dismiss in which the claimant argued that order awarding an advance was not final order because claims for benefits were still pending before JCC,[1] and stating that "[t]his appeal shall proceed as one from a final order awarding a statutory advance payment of $2,000.00."). We see no reason to treat orders <u>denying</u> an advance differently.

Claimant's reliance on <u>Carlton</u> "and cases cited therein" in support of his argument that the order denying his motion for an advance is a non-final order is misplaced. The test stated in <u>Carlton</u> is grounded in the general policy against piecemeal appeals; however, <u>Carlton</u> is not a workers' compensation case (nor were any of the cases cited therein) and we have previously held that the test for determining finality in the civil context does not squarely apply in the workers' compensation context. As most recently explained in <u>Ake v. U.S. Sugar Corp.</u>, 112 So. 3d 171, 172 (Fla. 1st DCA 2013), "[t]his Court has held that in the context of a workers' compensation case, an order that decides all issues then ripe for adjudication is considered to be a 'final order' – even if the order does not represent the end to all judicial labor in the case, and even where additional claims not then ripe for adjudication remain pending." Although this test may result in more

---

[1] We can take judicial notice of the substance of the motion to dismiss because it is part of this court's records in <u>Leon</u>, case number 1D11-1088. <u>See</u> § 90.202(6), Fla. Stat.

6

piecemeal appeals than would be allowed in the civil context, this result stems from the fact that "workers' compensation cases generally proceed on a piecemeal basis – with various entitlements to benefits coming due at different times." Id. Treating orders denying an advance as final orders will not undermine the general policy against piecemeal appeals any more so than allowing appeals of orders disposing of ripe claims when unripe claims remain pending already does. Accordingly, the fact that PFBs with other claims were still pending when the JCC issued the order denying the advance in this case is insufficient, by itself, to establish that the order denying an advance is not final for appellate purposes.

An advance payment of compensation under section 440.20(12)(c) is a discrete benefit that is different in kind from other workers' compensation claims – it is a stopgap, which can be (and, by its nature, should be) made before entitlement to other benefits (or even compensability) is determined.[2] See Bonner, 148 So. 3d at 153 ("These small advances are merely a stopgap to help a claimant avoid defaulting with creditors while awaiting the potential distribution of worker's compensation benefits."); Lopez, 48 So. 3d at 889 (holding advances do not require proof of compensability or entitlement to future benefits). Moreover, judicial labor

---

[2] It is not uncommon for requests for advances to be raised and tried separately from the claims in a PFB. In this case, for example, Claimant's request for an advance was in a separate motion, not within a PFB, and the evidentiary hearing on the motion was held several months before the final merits hearing, after the claims in the PFB had been mediated.

on a motion for advance involves resolution of issues not dependent on the merits of the claim for benefits; the grant or denial of the motion on the merits ends the judicial labor on the advance payment of compensation and is unrelated to other merits claims. Accordingly, it follows that orders denying motions for advance are final for appellate purposes, regardless of whether there are other pending and procedurally ripe claims. Cf. Bradley v. Hurricane Rest., 652 So. 2d 443 (Fla. 1st DCA 1995) (explaining that because JCC may consider only emergency issues at emergency hearing, order rendered following emergency hearing is final because such order adjudicates "all issues ripe for adjudication").

### *Conclusion*

In sum, because Claimant did not appeal the order denying his motion for an advance within 30 days after the order was rendered, we lack jurisdiction to review the order. Accordingly, we dismiss this appeal insofar as it seeks review of the order denying the advance. In all other respects, we affirm.

DISMISSED in part; AFFIRMED in part.

PADOVANO, CLARK, and WETHERELL, JJ., CONCUR.

8