PER CURIAM.
In this workers’ compensation case, Claimant appeals the Judge of Compensation Claims’ (JCC’s) order denying her request for a $2,000 advance under subparagraph 440.20(12)(c)2., Florida Statutes (2014). Because the JCC erred when she concluded that Claimant did not show a substantial reduction in wages or the requisite nexus between the need for the advance and the workplace injury, we reverse.
A JCC’s determination as to whether a claimant is entitled to an advance is reviewed for abuse of discretion. See ESIS/ACE Am. Ins. Co. v. Kuhn, 104 So.3d 1111, 1113-14 (Fla. 1st DCA 2012). To the extent that statutory construction is necessary, this court’s review is de novo. See Lombardi v. S. Wine & Spirits, 890 So.2d 1128, 1129 (Fla. 1st DCA 2004) (holding statutory interpretation is subject to de novo review).
In this case, Claimant alleges she injured her foot in a workplace injury on March 2, 2015, which resulted in a staph infection and a prolonged hospitalization. The Employer/Carrier (E/C) initially accepted compensability and paid Claimant indemnity benefits through March 16, 2015. The E/C subsequently denied the claim when the authorized treating physician opined that Claimant’s foot condition was not work related. Claimant was on unpaid leave from March 17, 2015, through April 14, 2015. She fíled a request for an advance on March 25, 2015, and subsequently returned to full-duty work on April 15, 2015.
To qualify for an advance under subparagraph 440.20(12)(e)2., Claimant was required to show “one of the following: (1) a failure to return to employment at no substantial wage reduction; (2) a substantial loss of earning capacity; or (3) an actual or apparent physical impairment.” Lopez v. Allied Aerofoam/Specialty Risk Servs., 48 So.3d 888, 888-89 (Fla. 1st DCA 2010) (citing Workers of Fla. v. Williams, 743 So.2d 609, 610 (Fla. 1st DCA 1999)); see also Kuhn, 104 So.3d at 1113. She was also required to show that she “has provided adequate justification for her request.” Id. In Kuhn, this court explained that “adequate justification” means that the advance has “some plausible nexus” to the “principal purpose” of chapter 440, which is “to address medical and related financial needs arising from workplace injuries.” Id. at 1114-15. Notably, Claimant was not obliged to make a showing of ultimate compensability. See Lopez, 48 So.3d at 889.
Here, Claimant satisfied the first part of the advance requirements because the undisputed evidence shows that Claimant, as a result of the injuries at issue here, was on unpaid leave and received no income for a period of almost one month. We conclude that the JCC abused her discretion when she found that Claimant failed to show a nexus between the need for her advance request (i.e., her indebtedness) and the workplace injury. Specifically, the JCC reasoned there was no nexus because Claimant was already behind in her bills when she made her request for an advance only eight days after she was last paid compensation; i.e., the time frame was too short to find a nexus. But, under the facts presented here, even if Claimant had returned to work immediately after making her request on March 25th, she was still without wages from March 17th through March 25th. Furthermore, Claimant, in reality, continued to experience a loss of wages from March 25th, the date of her request, through April 15th, the date she returned to work. Because Claimant’s indebtedness could only grow worse due to her loss of wages, the requi *1239 site nexus exists between the need for an advance and the workplace injury.
For the foregoing reasons, we REVERSE the denial of an advance here and REMAND for entry of an order awarding an advance in an appropriate amount not to exceed $2,000.
SWANSON, MAKAR, and BILBREY, JJ., concur.