# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5151

_____

MEGHAN ANDERSON,

    Appellant,

    v.

BROWARD COUNTY SHERIFF'S
OFFICE and GALLAGHER
BASSETT SERVICES, INC.,

    Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Lliana Forte, Judge.

Date of Accident: December 14, 2014.

July 25, 2018

PER CURIAM.

In this workers' compensation appeal, Claimant challenges the order issued by the Judge of Compensation Claims (JCC) denying her request for a $2,000 advance pursuant to section 440.20(12)(c), Florida Statutes, because she failed to establish a financial need for the advance. Claimant contends that, because the stated purpose for the advance was to pay for an independent medical examination (IME) in support of a pending claim for continued medical treatment, the JCC should not have considered

her lack of financial need.  As explained below, we disagree with Claimant and affirm the order denying the advance.

## Factual Background

Claimant is a deputy sheriff who suffered a compensable injury in 2014.  She was out of work for two two-week periods and then on light duty for approximately nine months before ultimately returning to full duty.  She has at least a one percent permanent impairment rating.

In July 2017, Claimant filed a petition for benefits seeking continued medical care and a $2,000 advance.  Several months later, Claimant filed a separate motion for a $2,000 advance to pay the expenses of an IME.  At the hearing on the motion, Claimant testified that her base salary was $75,000 per year, which she augmented by overtime in the form of off-duty security details.  Claimant further testified that she was unable to work these details during her various periods of being out of work or having work restrictions, but she acknowledged that for the two years preceding the petition, the only effect on her income was due to her two pregnancies (she was on her second maternity leave at the time of the hearing), not her work injury.

The employer/carrier opposed the request for an advance, arguing among other things that Claimant did not show a financial need for the advance.  Claimant responded that she was not required to prove financial need because she established eligibility for an advance based on her impairment rating and the fact that the purpose of the advance was to pay the expenses of an IME to support her pending petition for benefits.  The JCC rejected Claimant's "novel argument" and denied the motion for an advance because she failed to present evidence that her income was insufficient to pay for an IME nor did she otherwise demonstrate a financial need for the advance.

## Analysis

Orders concerning advances are typically reviewed for an abuse of discretion.  *See ESIS/Ace Am. Ins. Co. v. Kuhn*, 104 So. 3d 1111, 1113-14 (Fla. 1st DCA 2014). Here, however, because the

2

issue before us – what a JCC may consider when deciding whether to award an advance – is a legal one, our review is de novo. *See Lombardi v. S. Wine & Spirits*, 890 So. 2d 1128, 1129 (Fla. 1st DCA 2004) (holding statutory interpretation is subject to de novo review).

Section 440.20(12)(c)2. provides:

In the event the claimant has not returned to the same or equivalent employment with no substantial reduction in wages or has suffered a substantial loss of earning capacity or a physical impairment, actual or apparent:

\* \* \*

2. An advance payment of compensation not in excess of $2,000 may be ordered by any [JCC] . . . *after giving due consideration to the interests of the person entitled thereto.*

(emphasis added).

The purpose of this statute is to provide "a stopgap to help a claimant avoid defaulting with creditors while awaiting the potential distribution of workers' compensation benefits, when the reduction in income is caused by the injury." *Bonner v. Miami Dade Public Schools*, 148 So. 3d 152, 153 (Fla. 1st DCA 2014). The first paragraph of the statute sets forth the circumstances in which a claimant is eligible for an advance and, in this case, there is no dispute concerning Claimant's eligibility because she has a physical impairment as indicated by her impairment rating. Thus, the question before us is whether, when "giving due consideration to the interests of" an otherwise eligible claimant, a JCC may consider a claimant's financial need when the stated purpose for the requested advance is to obtain an IME in furtherance of a pending petition for benefits.

This court has previously required a claimant seeking an advance to establish a "legitimate interest" or an "adequate justification" along with evidence that the claimed need for the advance has "some plausible nexus to [the] principal purpose" of chapter 440, namely "to address medical and related financial

3

needs arising from workplace injuries." *Kuhn*, 104 So. 3d at 1114-15. In *Kuhn*, the court explained that, to hold otherwise, would "result in automatic $2000 advances from E/Cs to claimants despite no connection to a pending claim for medical or related care or even a demonstrated need for the funds." *Id.* at 1114.

Claimant argues that her intent to use the requested advance to obtain an IME in furtherance of her pending petition for benefits satisfies the nexus requirement set forth in *Kuhn*. We agree with this contention given that, in *Taylor v. Air Canada*, 136 So. 3d 786 (Fla. 1st DCA 2014), the court held that using an advance to take the deposition of a witness who may advance a claim's compensability satisfied this requirement. *See also Hidden v. Day & Zimmerman*, 202 So. 3d 441, 443 (Fla. 1st DCA 2016) (suggesting in dicta that a claimant could pursue an advance to pay for an IME). But Claimant goes one step further, arguing that, because she has satisfied the nexus requirement and the stated purpose of the requested advance is to pay for litigation costs, nothing further – particularly financial need – should be considered. Claimant also suggests that *Taylor* supports this argument. We disagree on both counts.

First, nothing in section 440.12(12)(c) supports the notion that financial need should not be considered when the nexus requirement is met. Although a claimant is "not required to live a pauper's life" to be eligible for an advance, *Bonner*, 148 So. 3d at 153, that does not mean that the JCC is precluded from considering the claimant's financial need (or lack thereof) when determining whether to award an advance – even if the purpose of the advance is to fund litigation costs. To hold otherwise would frustrate the purpose of the advance statute and would contravene the language in section 440.20(12)(c)2 that requires the JCC to give "due consideration" to the "interests" of the claimant without placing any limit on the type of interests that can be considered. *See Kuhn*, 104 So. 3d at 1112-14 (holding that the award of an advance to a claimant who "was current on all her financial obligations and had no imminent need for the money" was erroneous because "[t]o hold otherwise would result in automatic $2000 advances from E/Cs to claimants despite no connection to a pending claim for medical or related care ***or even a demonstrated need for the funds.***") (emphasis added).

4

Second, nothing in *Taylor* supports the notion that a request for an advance to fund litigation costs precludes consideration of a claimant's financial need. Financial need was not an issue in *Taylor* because the claimant in that case had a substantial reduction in wages as a result of her alleged accident and injury and an inability to return to work for an extended period of time. *See* 136 So. 3d at 787. Here, by contrast, Claimant had *no* reduction in her wages as a result of the work injury for at least past two years preceding the motion for an advance. Thus, *Taylor* is distinguishable and provides no support for the proposition that the JCC is precluded from considering the claimant's financial need in circumstances such as this case. Indeed, we see no reason why the claimant's financial need (or lack thereof) should not be considered when the purpose of an advance is to pay for litigation costs rather than other expenses such as rent or utility bills.

## Conclusion

Based on the foregoing, we hold that a JCC may consider a claimant's financial need for an advance pursuant to section 440.20(12)(c)2 even when the purpose of the advance is to pay for expenses related to establishing compensability or entitlement to benefits. Here, the JCC did just that in denying Claimant's motion for an advance. Accordingly, we affirm the JCC's order.

AFFIRMED.

WETHERELL, ROWE, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Bill McCabe, Longwood, and Robert Winess, Boca Raton, for Appellant.

5

Marybell Rajo of Pyszka, Blackmon, Levy, Kelley & Rajo, Fort Lauderdale, for Appellees.