# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2022-1139

———————————————

NINJA ACADEMY, INC. d/b/a
CHAMPIONS UNITE,

     Appellant,

     v.

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES, DIVISION OF FOOD,
NUTRITION, AND WELLNESS,

     Appellee.

———————————————

On appeal from the Florida Department of Agriculture and Consumer Services.
Bram D.E. Canter, Hearing Officer.

February 26, 2025

PER CURIAM.

     Ninja Academy, Inc., appeals a final determination of an agency hearing officer from the Florida Department of Agriculture and Consumer Services ("the Department"), who denied and disallowed over $10 million in reimbursement claims submitted by Ninja Academy under the federal Summer Food Service Program ("SFSP") and terminated its participation in the SFSP for seven years. We dismiss the appeal because we lack jurisdiction to review the agency hearing officer's determination.

The Florida Constitution has granted district courts of appeal "the power of direct review of administrative action, as prescribed by general law." Art. V, § 4(b)(2), Fla. Const. In most appeals involving state administrative actions, the general law conferring review authority on this court is chapter 120, Florida Statutes, Florida's Administrative Procedure Act. But this is not one of those cases. This case involves a dispute over the reimbursement of SFSP funds in a federal food program that prescribes its own elaborate appeals scheme, which is mirrored by a companion regime in Florida's statute and rule. *See* 7 C.F.R. § 225.13; § 595.404(11), Fla. Stat.; Fla. Admin. Code R. 5P-1.002 (2018).

Specifically, federal regulations require participating state agencies to "establish a procedure to be followed by an applicant appealing . . . a denial of a sponsor's claim for reimbursement." 7 C.F.R. § 225.13(a). The federal rule sets out minimum appellate procedures required to be adopted by participating states, including a hearing before a state review official. *Id.* at (b)(5)-(12). "The determination by the State review official is the final administrative determination to be afforded to the appellant." *Id.* at (b)(12). Federal regulations do not provide for judicial review of this final administrative determination beyond the action of the hearing official. But they do give the Secretary of the United States Department of Agriculture "authority to determine the amount of, to settle, and to adjust any claim arising under the Program, and to compromise or deny such claim or any part thereof." 7 C.F.R. § 225.18(h).

Following from this federal regulatory regime, the Florida Legislature required the Department "[t]o adopt and implement an appeal process by rule, as required by federal regulations." § 595.404(11), Fla. Stat. The Department, in turn, promulgated an SFSP-related appeals process providing, like the federal regulation, that "[t]he determination made by the department's hearing official is the final administrative determination to be afforded to the Appellant." Fla. Admin. Code R. 5P-1.002(15) (2018). But the Department's rule did not stop there. Rather, it purported to allow any party adversely affected by the hearing official's determination to seek judicial review in the district court of appeal, which is what Ninja Academy did here. *Id.* at (16).

2

There is a problem, however, with the judicial appeal option announced in the Department's rule. For a district court of appeal to have jurisdiction over a direct appeal of an administrative action, there must be a statute providing for its jurisdiction. District court jurisdiction is only constitutionally available insofar as it "is prescribed by general law." Art. V, § 4(b)(2), Fla. Const. An agency rule is not general law. Thus, the Department cannot vest jurisdiction in this court via SFSP Rule 5P-1.002(16). Nor can the parties themselves "confer jurisdiction on the court that it does not have by agreement or acquiescence." *Shannon v. Cheney Bros. Inc.*, 157 So. 3d 397, 399 (Fla. 1st DCA 2015).

The governing Florida statute, section 595.404(11), also fails to confer jurisdiction on this court. It merely permits the Department "[t]o adopt and implement an appeal process by rule, *as required by* federal regulations." § 595.404(11), Fla. Stat. (emphasis added). The federal regulations say nothing of requiring judicial review of decisions made by the agency hearing officer. Rather, these regulations fix final authority over disputed claims within a federal agency, the United States Department of Agriculture. 7 C.F.R. § 225.18(h); *see also NAECIS Outreach v. Vilsak*, No. 2:14–cv–161, 2014 WL 6810781, at *2 n.2 (S.D. Ohio Dec. 3, 2014) ("Federal regulations make clear that the ultimate authority to determine or adjust any claim arising under the Program lies with the Secretary of the USDA."); *Mahoning-Youngstown Cmty. Action P'ship v. Ohio State Dep't of Educ.*, No. 11AP-582, 2011 WL 6170559, at *2 (Ohio Ct. App. Dec. 13, 2011) (citing 7 C.F.R. § 225.18(h) and noting "ultimate authority" over SFSP claims rests within a federal agency).

Finally, in view of the final review authority vested in the federal agency, we see no room for reviewing the hearing officer's determination by common law writ of certiorari. Lacking jurisdiction to decide a direct appeal, Florida Rule of Appellate Procedure 9.040(c) states that "[i]f a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought." Certiorari is an appropriate remedy to review a quasi-judicial action of an administrative agency if another avenue is unavailable. Fla. R. App. P. 9.190(b)(3) (providing for "[r]eview of quasi-judicial decisions of any administrative body, agency,

3

board, or commission not subject to the Administrative Procedure Act [by] certiorari . . . unless review is provided by general law"). But, as discussed above, Ninja Academy's claim is reviewable within the United States Department of Agriculture under federal appeal-process regulations that have been adopted and implemented in Florida. § 595.404(11), Fla. Stat.; Fla. Admin. Code R. 5P-1.002 (2018).

Because we lack jurisdiction to review the hearing officer's final determination, we dismiss this appeal. We do so, of course, without prejudice to whatever other process may be available to Ninja Academy under the parties' contract or in federal administrative proceedings.

DISMISSED.

OSTERHAUS, C.J., and RAY and TANENBAUM, JJ., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————

George T. Levesque and D. Ty Jackson of Gray Robinson, P.A., Tallahassee, for Appellant.

Daniel E. Nordby and Elise M. Engle of Shutts & Bowen LLP, Tallahassee, and Lateefah Muhammad, Magdalena Anna Ozarowski, and Darby G. Shaw of Florida Department of Agriculture and Consumer Services, Office of General Counsel, Tallahassee, for Appellee.

4